## Philadelphia to use, Appellant, *v.* Malone.

*Principal and surety—Bond—Municipal contract—Subcontractor—Materials.*

A subcontractor is not entitled to recover against the surety on a municipal contractor's bond for coal furnished for generating steam to run a steam shovel and a locomotive used in excavating and removing dirt in constructing a reservoir, where it appears that the bond was conditioned that the contractors "shall and will promptly pay all sums of money which may be due for labor and materials furnished and supplied, or performed in and about the said work," and an inspection of the contract and specifications discloses nothing whatever which could be construed to include coal furnished for running a steam shovel or locomotive.

Argued Jan. 5, 1906. Appeal, No. 172, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 2783, for defendant non obstante veredicto in case of City of Philadelphia to use of Edward L. Taylor v. Richard A. Malone and Richard J. Malone, trading as R. A. Malone & Co., and Fidelity and Deposit Company of Maryland. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

. Assumpsit on a municipal contractor's bond.

Verdict for plaintiff for $1,687.15 subject to question of law reserved.

On a motion for judgment for defendants BEITLER, J., filed the following opinion :

R. A. Malone & Co. entered into a contract with the city to excavate and construct the Oak Lane reservoirs for the sum of $350,000.   The contract provided that they should "furnish and deliver all the materials, and do and perform all the work and labor required" in constructing said reservoirs, according to the proposals and specifications which are made a part of the contract, the work to be completed in fifteen months under a penalty.

In the proposal Malone & Co. agree "to furnish all the labor and materials necessary to perform the whole of the work."

The proposals provide as follows :

"173. Price to include.—The prices specified in the accepted proposal shall include the furnishing and erection in a good, sound, substantial and workmanlike manner, of all items required for the completion of the whole work proposed for, and shall include all items shown on the drawings and described in the specifications ; also all dams, pilings, shoring, sheeting, forms, centering, falseworks, tramways, machinery, scaffolding, pumping, labor, workmanship, tools and materials necessary and best adapted to the efficient, prompt and safe execution of both the permanent and temporary works.

"174. Necessary to render the work complete.—If any workmanship or materials be required, which are obviously necessary to carry out the full intent and meaning of the plans, details, diagrams and specifications, although the same may not be either directly or indirectly so specifically noted by drawings or specifications, the contractor is hereby bound to consider and provide for the same in his proposal for the work, as fully as if they were so specifically denoted, and shall execute the same without charge or claim therefor."

Malone & Co. gave bond as required by the ordinance of 1896.   They contracted with Gilman-McNeill Co. to excavate one of the reservoirs.   The latter purchased from Edward L. Taylor coal which was used in driving the steam shovel which excavated the dirt and loaded it on the cars, and in the locomotive which hauled away the cars containing that dirt.

Some of the coal was used in the office building on the grounds and for other purposes, but Taylor applied the pay-

ments made on account to this portion of the bill, leaving due only the price of the coal used for the steam shovel and the locomotive. Not being paid for the coal he brought suit on the bond, and their being no dispute as to the facts the trial judge gave binding instructions to find for the plaintiff, reserving the question, " whether there is any evidence in this case entitling the plaintiff to recover." This was held to be a good reservation: Fisher v. Scharadin, 42 W. N. C. 395.

The bond sued on is conditioned as follows :

" Whereas, the above bounden Richard A. Malone, et al. . . . . agreed to furnish all the materials and perform all the labor required in constructing . . . . a reservoir . . . . in strict and exact accordance with a certain proposal and specifications attached thereto and made part thereof. Now the condition of this obligation is such that if the said Richard A. Malone, et al. shall and will promptly pay . . . . all sums of money which may be due for labor and materials furnished and supplied or performed in and about the said work," etc.

The point reserved is whether coal is " material " within the meaning of the bond in suit and the ordinance of March 30, 1896.

There is no decision or dictum by either our Supreme or Superior Courts upon this question of the meaning of the term " materials " as used in the ordinance of March 30, 1896, so far as we have been able to ascertain. The ordinance has been several times before the Supreme and Superior Courts.

In Phila. v. Stewart, 195 Pa. 309, it was decided that each materialman independent of others had a right of action on the bond. Plaintiff had furnished lumber for a schoolhouse.

In Phila. v. Stewart, 201 Pa. 526, it was decided that the right of a materialman to sue on the bond was not adjudicated by a settlement theretofore made between the city and the contractor. The plaintiff had put in the plumbing of a building.

In Phila. v. McLinden, 205 Pa. 172, it was decided that a general laborer could recover upon the bond, because, in the language of the court, " the language of the bond to pay those who performed labor, is too clear to admit of doubt."

In Phila. v. Neill, 206 Pa. 333, it was decided that the question whether a materialman might waive the security of the

bond, was not raised by the facts of that case.  The plaintiff had furnished brick.

In Bowditch v. Gourley, 24 Superior Ct. 342, it was decided that a materialman who furnishes material to a subcontractor is entitled to sue on the bond the same as though he had furnished the material directly to the contractor, upon the ground that the liability is expressly stated to be for material furnished him or them.  The plaintiff had furnished lime, sand and cement.

Questions arising under the federal statute which is almost identical with our ordinance, and bearing directly on the point under consideration, have been adjudicated.

In United States v. Surety Co., 21 Pa. Superior Ct. 159, a claim for demurrage—extra freightage on stone delivered— was not allowed in a suit on a bond given under the federal statute.

In United States v. Kimpland, 93 Fed. Repr. 403, a claim for board furnished the contractor's workmen was held not to be material or labor within the meaning of the federal statute.  The court said :

" The liability of the sureties will not be extended by implication, or beyond the fair meaning of the statute or bond. The statute required the bond as security for the performance of the work of construction, and to insure the payment for ' labor and materials ' supplied ' in the prosecution of the work.' To execute the work, materials were used.  Such materials must be fashioned for placement in the structure, conducted to such place, and deposited therein."

In United States v. Morgan, 111 Fed. Repr. 474, claims for dump cars and derricks were held to be in the nature of tools and appliances used by the contractor " for his own convenience and advantage in the execution of his contract " and not materials within the prosecution of the bond.  This case went to the circuit court of appeals, first circuit, reported in 114 Fed. Repr. 627 (1902), and the court said : " We are of opinion that the labor and materials here in controversy are plainly without the purview of the statute."

The latest reported decision is the case of United States to use of Standard Oil Co. v. The City Trust Safe Deposit & Surety Co., 30 Wash. L. R. 778.  There the contractor had a

contract to dredge a river. He purchased oil from the use plaintiff to be delivered on the dredge and consumed in its operation. The supreme court of the District of Columbia said (30 Wash. Law Rep. 778) :

" This is a contract to do dredging for the government and not a contract to supply the government with machinery or oil for lubricating purposes ; and the covenant of the surety is that it will see that the contractor pays for materials and labor to be used in doing the work mentioned in the contract and not to see that the machinery and appliances for doing the work or oil to facilitate their manipulation are paid for. . . . The machinery and materials furnished for its preservation and manipulation thereof have no legal relation to the contract because they do not enter into the work performed or become the property of the government."

This decision was affirmed by the court of appeals of the District of Columbia, reported in 21 App. (D. C.) Cases, 369.

The bond sued on in this case is even more restricted in the class of materials within its protection than the bonds given under the federal act.

The bond given under the act of congress is conditioned that the contractor " shall promptly make full payments to all persons supplying him labor or materials in the prosecution of the work provided for in said contract : " 111 Fed. Rep. 487.

The bond in the case before us is conditioned :

" Whereas, the above bounden Richard A. Malone, et al. . . . . agreed to furnish all the materials and perform all the labor required in constructing . . . . a reservoir in strict and exact accordance with a certain proposal and specifications attached thereto and made part thereof. Now the condition of this obligation is such, that if the said Richard A. Malone, et al. shall and will promptly pay . . . . all sums of money which may be due for labor and materials furnished and supplied or performed in and about the said work," etc.

The federal bond says, " in the prosecution of the work." The bond before us says " in and about said work," and recites that the " materials " to be supplied are to be " in strict and exact accordance " with a certain proposal and specification.

In Phila. v. Stewart, 201 Pa. 526, the Supreme Court indi-

cates that materials to be within the protection of this bond must be furnished as required by the specifications. The defense there made was that the materialman had varied from the specifications and thereby discharged the surety, but the court held that as the specifications had been changed by the city, as the contract provided the city might do, the surety could not escape liability for material furnished in accordance with the specifications as so modified.

We are not unmindful of the fact that in Bowditch v. Gourley, the Superior Court held that the plaintiff could recover on the bond even though he might have had no claim on the ordinance, because the bond is more comprehensive than is required by the ordinance, but being a voluntary bond binds the parties thereto.

It seems to us that the federal decisions have reason and justice to sustain them. To hold with the plaintiff in this case is to require us to extend the bond to cover practically everything purchased by every subcontractor on the work. If coal can be recovered for, then, of course, oil, waste, repairs, or tools used in running the derrick and locomotive or about the cars, or repairing them, would have to be recovered for, and, going a step further, light furnished if the work was prosecuted at night. If coal for an engine can be recovered for, why not feed for horses, a farrier's bill or the bill of a veterinarian? The test, it seems to us, is that upon which the federal courts have rested their decisions, the materials or labor must be such as the contract covers.

The surety company agrees to pay for labor and materials furnished in strict and exact accordance with the proposal and specifications, and there is nothing therein as to coal being furnished. True, dredging and hauling material were clearly included therein, but this claim is not for dredging or hauling, but for the supply of a material which, being burned, gave heat to make steam from water and thereby propel machines which did the dredging and hauling.

Judgment is, therefore, entered for the defendants on the point reserved.

The court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Alex. Simpson, Jr.*, with him *Howard E. Heckler*, for appellants.—All the cases in this state under this ordinance and similar bonds, are decided upon the ground that " the municipal policy is to protect the city by securing the claims of those who furnished materials or labor ; " and that policy certainly covers as well materials which have been wholly consumed as those which otherwise went into the work : Giant Powder Co. v. Ry. Co., 42 Fed. Repr. 470 ; Hercules Powder Co. v. R. R. Co., 67 L. R. A. 487 ; Phila. v. McLinden, 205 Pa. 172.

It is not true that the mechanic's lien laws would exclude the claim : Bank of Penna. v. Gries, 35 Pa. 423 ; Hill v. Newman, 38 Pa. 151 ; Brinkman v. Burger, 8 Lanc. L. Rev. 98 ; Tizzard v. Hughes, 3 Phila. 261 ; Lybrandt v. Eberly, 36 Pa. 347 ; Vandergrift's App., 83 Pa. 126.

*Lester B. Johnson*, with him *John F. Keator*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1906 :
In the elaborate opinion directing judgment to be entered for the defendants on the point reserved, the learned trial judge has cited and commented on nearly all of the numerous cases of the appellate courts of this state and of the federal courts bearing on the single question raised by this record, and has correctly held that the use plaintiff was not entitled to recover on the contractor's bond for the coal which he furnished for generating steam to run the steam shovel and the locomotive used in excavating and removing dirt in constructing the reservoir. . The very full discussion of the question and review of the pertinent decisions on the subject by the court below render an extended discussion here unnecessary.

The agreement between the city and the contractors required the latter to furnish all the materials and perform all the labor necessary in constructing the reservoir in strict and exact accordance with the proposal and specifications attached to and made part of the contract.   The bond on which this suit was brought was conditioned that the contractors "shall and will promptly pay . . . . all sums of money which may be due for

labor and materials furnished and supplied, or performed in and about the said work." The contractor is required to furnish the labor and materials for the work, and the bond is taken for the protection of the city and for the security of the parties from whom he or his subcontractor obtains such labor and materials. This being the purpose and extent of the obligation, it follows that the surety's liability can arise on the bond for only such labor and materials as the contractors agreed to furnish in excavating and constructing the reservoir, or, in the language of the bond, " in and about the said work." Unless a claimant can show that the labor he performed or the materials he furnished are such as the contractors obligated themselves to furnish the city, he cannot compel payment of his claim by suit against the surety on the bond. In ascertaining what labor and what materials are covered by the bond and for which the surety is responsible, resort must, necessarily, be had to the contract between the city and the contractors. Turning to the agreement, we see that both the labor and materials which the contractors obligated themselves to furnish are specifically set out and named in the proposal and specifications which the parties made part of their contract. In the agreement it is expressly provided that the labor and materials which shall be furnished shall be " in strict and exact accordance with a certain proposal and specifications attached thereto and made part thereof." An inspection of the proposal and specifications discloses nothing whatever which can be construed to include coal furnished for running the steam shovel or locomotive. The materials to be furnished are set out in detail. As said by the trial judge, dredging and hauling materials were included in the contract, but the claim presented here by the use plaintiff is not for dredging or hauling, but for the supply of a material which, being burned, gave heat to make steam from water and thereby propel machines which did the dredging and hauling. The shovel and the locomotive were the means or appliances by which the work of excavating was done and the fuel necessary to operate the machines can not, by the application of any fair rules of interpretation, be held to be " materials required in constructing the reservoir." It did not enter into or become a part of the visible work which was directed to be done and which when it was completed was to be the property of the city.

VOL. CCXIV—7

If there can be a recovery here against the surety, there is no certainty as to the extent of a surety's liability on bonds of this character. The contract which is supposed to define and limit his liability will not avail him. If the price or value of the "labor and materials" specifically set out in the contract is not the extent of liability on bonds under the city ordinance, a responsible party will hesitate to become surety on such bonds and thereby expose himself to the payment of demands which he could not anticipate being covered by his obligation. As suggested in the opinion of the court below, "to hold with the plaintiff in this case is to require us to extend the bond to cover practically everything purchased by every subcontractor on the work. If coal can be recovered for, then of course oil, waste, repairs, or tools used in running the derrick and locomotive or about the cars, or repairing them, would have to be recovered for, and, going a step further, light furnished if the work was prosecuted at night. If coal for an engine can be recovered for, why not feed for horses, a farrier's bill or the bill of a veterinarian? The test, it seems to us, is that upon which the federal courts have rested their decisions, the materials or labor must be such as the contract covers."

The assignments of error are overruled and the judgment of the court below is affirmed.