CITY OF ALPENA, *for use of* ZESS, *v.* TITLE GUARANTY & SURETY CO.

1. MUNICIPAL CORPORATIONS — CONTRACTS FOR PUBLIC IMPROVEMENTS—STATUTORY BOND TO PROTECT MATERIALMEN.

   An action for the benefit of materialmen may be maintained on a bond given to the city of Alpena to provide, at the charge of the principal, all labor and materials required in the performance of a contract for public improvements, and to indemnify the city, its officers, council, and the people of the State of Michigan from all claims to become due on account thereof, as upon a statutory bond given in compliance with 3 Comp. Laws, § 10743, even though the obligee of the bond was not the people, but the city.

2. SAME—CONSTRUCTION BOND—PUBLIC OFFICERS.

   Failure to require such a bond as substantially complies with the statute renders the officers charged with the duty liable to the injured materialmen or laborers.

3. SAME—PRINCIPAL AND SURETY—BONDS—CONSTRUCTION AND IN-
TERPRETATION—EXHAUSTING REMEDY AGAINST OBLIGEE.

A clause in such bond containing an agreement to furnish, at
the principal's cost and charge, the labor and materials used,
is intended to require the payment of all such claims, and
not merely to indemnify the officers of the city after an action
to charge them is brought and determined.

Error to Alpena; Emerick, J. Submitted June 16,
1909. (Docket No. 110.) Decided December 10, 1909.

Assumpsit by the city of Alpena, for the use and benefit
of Isaac Zess, against the Title Guaranty & Surety Com-
pany upon a statutory bond. A judgment for plaintiff on
a verdict directed by the court is reviewed by defendant
on writ of error. Affirmed.

*Luman W. Goodenough*, for appellant.

*O'Brien & Francis*, for appellee.

MONTGOMERY, J.   On the 15th of May, 1905, the Mur-
ray Company entered into a contract with the city of Al-
pena for the construction of a crib, conduit, etc., which
contract provided, among other things, that the contractor
should, at its own proper cost and charges, "provide all
manner of labor, materials, apparatus, utensils and cart-
age of every description needful for the due performance
of the said several works." At the same time a bond was
executed by the defendant, reciting the execution of said
contract, and with the condition—

"That if the said the Murray Company shall well and
truly keep and perform all terms and conditions of said
contract on its part to be kept and performed, and shall in-
demnify and save harmless the said city of Alpena, the city
council and officers thereof, as herein stipulated, and shall
save harmless the people of the State of Michigan, against
all claims due from said contractor, or from subcontractors
under them, which may accrue to any person, firm or
corporation, on account of any labor performed or
materials furnished under and by virtue of this contract,

then this obligation shall be of no effect; otherwise it shall remain in full force and virtue."

The statute (section 10743, 3 Comp. Laws) imposes the duty upon public officers, contracting for work of this character, to require sufficient security by bond for the payment by the contractor and all subcontractors for all labor performed and materials furnished in the erection, repairing or ornamenting of such buildings, works, or improvements. It has been frequently held that an action may be maintained upon such a bond by the parties in whose interest it is required. It is also established that a total failure to require such bond is such a breach of duty as authorizes an action by the party injured against members of the board or municipal body in their individual capacity.

The purpose of this bond to protect the officers against such action is clear. This purpose is not defeated by the fact that the bond is not in the precise form required by section 10744, or by the fact that the obligee in the bond is the city of Alpena, instead of the people of the State of Michigan, as required by the said section. See *Board of Education of Detroit* v. *Grant*, 107 Mich. 151 (64 N. W. 1050).

It is contended, however, that this is merely a bond of indemnity, and that it is not conditioned for the payment of the claims for labor and material, and that an action upon the bond can only be had, if at all, after the city or its officers have been damnified by an action; that is, after a recovery has been had against them. But, if this interpretation be given to the condition, it is very doubtful if the bond can be given any effect for the purpose intended. There are in fact three conditions, only two of which need be here referred to: The first that the Murray Company should well and truly keep and perform all terms and conditions of said contract on their part to be kept and performed, and should indemnify and save harmless the said city of Alpena, the city council and

officers thereof, as therein stipulated, and should save harmless the people of the State of Michigan against all claims due from said contractor or from subcontractors under them, which might accrue to any person, firm, or corporation, on account of any labor performed, or materials furnished, etc.

Now, if we turn to the contract, we discover no stipulation for saving harmless the city council and officers, except the provision that the Murray Company shall, at its own proper cost and expense, furnish the labor and material. If these two provisions are read together, therefore, it imports an obligation to save harmless the city council and officers thereof by furnishing at their own proper cost and expense the labor and material required. So construed, we think this provision falls properly within the reasoning adopted by this court in the recent case of *Stoddard* v. *Hibbler*, 156 Mich. 335 (120 N. W. 787). In that case we held that an obligation to perform a building contract according to its terms and conditions imported an obligation, not only to furnish the labor and material, but to pay for the same. It is true that in that case the failure to pay for the material and labor resulted in a mechanic's lien in favor of the laborer and materialmen. But it was strongly urged that the condition to perform the contract on the part of the principal did not import an obligation to pay. In that respect the case is like the present, and, when it is seen that the only method stipulated in the contract by which the city council and officers are to be saved harmless against claims of laborers and materialmen is by the Murray Company furnishing the same at their own cost and expense, the case cited is authority that the bond covers such an obligation. The words, "furnish at his own cost and expense," may well be held to have the same import as was given them in the case cited. See, also, *Korsmeyer Plumbing & Heating Co.* v. *McClay*, 43 Neb. 649 (62 N. W. 50), and *Morton* v. *Harvey*, 57 Neb. 304 (77 N. W. 808).

The circuit judge was of the opinion that an action could be maintained upon this bond for the use and benefit of the materialmen. In this conclusion we concur, and the judgment in favor of the plaintiff will be affirmed.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.