CITY OF ALPENA, *for use of* BESSER, *v.* TITLE GUARANTY & SURETY CO.

1. MUNICIPAL CORPORATIONS — PUBLIC BUILDINGS AND WORKS — CONSTRUCTION BONDS.

    The surety upon a bond given to secure laborers and materialmen in the construction of public works (3 Comp. Laws, § 10743), is not liable for labor and materials provided for the benefit of the contractor in repairing his pumps and machinery.

2. SAME—BOND FOR CONSTRUCTION OF PUBLIC WORKS.

    A city which procures a bond from contractors who construct public buildings or works, running in terms to the city for the benefit of materialmen, etc., as obligee, instead of to the people as provided by statute, may bring action on the instrument for the benefit of persons who were intended to receive protection.

Error to Alpena; Emerick, J. Submitted November 9, 1909. (Docket No. 8.) Decided December 30, 1909.

Assumpsit by the city of Alpena, for the use and benefit of Herman Besser, against the Title Guaranty & Surety Company upon a statutory bond. A judgment for plaintiff, on a verdict directed by the court, is reviewed by defendant on writ of error. Reversed, and no new trial ordered.

*Luman W. Goodenough,* for appellant.

*O'Brien & Francis,* for appellee.

BROOKE, J. On May 15, 1905, the Murray Company entered into a contract with the city of Alpena, by which the said Murray Company agreed to construct for said city a submerged crib, influent, conduit, and pump well, in connection with the waterworks belonging to said city. Plaintiff's declaration avers that:

" To secure the payment of all labor performed and material furnished in the building and constructing of * * * according to the provisions of sections 10743, 10744, 10745, 3 Comp. Laws, the said Murray Company executed and filed with the recorder of the city of Alpena, this plaintiff, a bond,   *   *   *   [the defendant herein being surety thereon]. That the said Murray Company became and was indebted to the said Herman Besser for work and labor performed and material furnished by him, the said Herman Besser, for said Murray Company, in erecting, building, and constructing the said submerged crib, influent, conduit, and pump well, in the sum of, to wit, $300," etc.

Under this declaration the use plaintiff, Herman Besser, testified that the Besser Manufacturing Company, of which he was president, had furnished labor and material to the Murray Company to the amount of $298.97; that such labor and material were furnished in repair work; that it went into the dredge, pumps, and machinery used by the Murray Company in connection with the work; that he was unable to say that any of the labor or material went into the work itself. No testimony was offered on behalf of defendant, and a verdict was directed in favor of plaintiff for the amount claimed.

Three reasons are urged by appellant why a recovery should not have been permitted:

(1) That no recovery could be had upon the bond in suit, for the reason that it did not in terms comply with the language of section 10743, *supra.*

(2) That the trial judge erred in permitting an amendment to the declaration upon the trial by allowing the name of the Besser Manufacturing Company to be substituted in place of that of Herman Besser, as use plaintiff.

(3) That the work done and materials furnished by the use plaintiff were not furnished as a component part of the water system, or any of its parts, but upon repairs of machinery used upon the contract.

The first point was decided adversely to appellant's contention in the case of *City of Alpena, for use of Zess,* v. *Surety Co.,* 158 Mich. 678 (123 N. W. 536), where it was held that, construing the bond and contract together, the bond was a subsisting obligation to pay for "the labor and material required," within the meaning of section 10743, *supra.*

The second point involved we do not discuss.

With reference to the third point raised, it becomes necessary to determine for whose benefit the statutory bond is required, and whether the use plaintiff is among those entitled to its protection.

Section 10743, *supra,* is as follows:

"That when public buildings, or other public works or improvements are about to be built, repaired or ornamented, under contract, at the expense of this State, or of any county, city, village, township or school district thereof, it shall be the duty of the board of officers, or agents, contracting on behalf of the State, county, city, village, township or school district, to require sufficient security by bond, for the payment by the contractor, and all subcontractors, for all labor performed, or materials furnished in the erection, repairing or ornamenting of such building, works or improvements."

The provision of the bond upon which the claim of the use plaintiff is based is the promise of the defendant to save harmless the city of Alpena, etc., from unpaid claims

for "labor and materials furnished under the contract." To give to this provision the construction claimed for it by the plaintiff would render the surety liable, not only for the cost of small and incidental repairs to the machinery and plant used in construction (which is the extent of the use plaintiff's claim in the case at bar), but also for all large changes and improvements in equipment, more or less permanent in character, and perhaps long surviving in usefulness the completion of the contract upon which the equipment was being used at the time the repairs were made. And by a parity of reasoning it might even be said that the surety became responsible for the original cost of the plant, because it was purchased by the contractor to be used upon the contract. We are of opinion that this contention is not tenable, but, on the contrary, think that the term "labor and materials, furnished under the contract," means such labor and materials as are necessary to construct the work in accordance with the contract. This view is supported by reason and authority.

The statute of the United States (28 U. S. Stat. 278 [U. S. Comp. Stat. 1901, p. 2523]) provides that the contractor's bond shall contain the obligation that the contractor "shall promptly make payments to all persons supplying him or them, labor and materials in the prosecution of the work, provided for in such contract." This language is broader than that of the Michigan statute under consideration. The obligation of the surety thereunder was defined in the case of *United States, for use of Standard Oil Co.,* v. *Security Co.,* 21 App. Cas. (D. C.) 369, where the court said in considering liability to the use plaintiff for oil used by the contractor upon machinery employed upon the contract:

"Was the oil supplied in the prosecution of the work within the meaning of the act of congress? The dredge itself, though costing more, perhaps, than the gross price of the contract, and capable of use in other similar works, public and private, would come under the class of things

furnished to enable the contractor to fulfill his contract, for the contract could not apparently be performed without it. The same may be said of the various tools used by the laborers of a contractor in the construction of a public work. These are necessary to accomplish the work, and yet are commonly excluded from the lien of all statutes of the same general nature, where the security is limited to labor and materials only."

In the case of *United States, for use of Briscoe,* v. *Surety Co.,* 23 App. Cas. (D. C.) 155, which involved the right to recover for repairs to a dredge used upon the contract, it was held:

" We regard the question as too plain to require any elaboration of argument. As well might the person who constructed the dredging machine in the first instance seek to hold the surety liable, as the person who afterwards makes repairs in order to constitute the machine what it ought to be."

To the same effect are the cases of *United States, for use of Sica,* v. *Kimpland,* 93 Fed. 403; *United States, for use of Chapman,* v. *Surety Co.,* 23 App. Cas. (D. C.) 153; *City of Philadelphia, for use of Taylor,* v. *Malone,* 214 Pa. 90 (63 Atl. 539); *Beals* v. *Deposit Co.,* 76 App. Div. 526 (78 N. Y. Supp. 584).

We are of opinion that by the statute in question the legislature intended to afford to those who furnish labor or material for public buildings or works the same protection they would have under the general lien laws of the State, had the labor or materials been furnished for a private undertaking. If we are correct in this view, we are left in no doubt as to the construction the statute should receive. In *Smalley* v. *Gearing,* 121 Mich. 190, 203 (79 N. W. 1114, 1120), this court said:

" The equity of a lien claim for labor or materials arises from the fact that the value of the property to which they have been applied has been increased."

This case was cited and approved in *North* v. *Fence Co.,* 144 Mich. 557 (108 N. W. 285). See, also, *Luttrell*

& Co. v. Railroad Co. (Tenn.), 105 S. W. 565; McCormick v. Water Co., 40 Cal. 185. A very cogent reason for not extending the protection of the bond to that class to which the use plaintiff herein belongs is that to do so would tend to impair, if not absolutely destroy, the value of the bond to those who, in fact, did perform labor or furnish materials "in the erection, repairing, or ornamenting of such building, works, or improvements."

The judgment is reversed, and, as there is no dispute as to the facts, there will be no new trial.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.