CITY OF ALPENA, *for use of* O'BRIEN, *v.* TITLE GUARANTY & SURETY CO.

MUNICIPAL CORPORATIONS—PUBLIC BUILDINGS AND WORKS—STATUTORY BOND.

    Labor performed for a contractor engaged in the construction of a public work, and consisting of time spent in raising a sunken dredge, is in the nature of a repair to machinery of the contractor, and is not secured by the statutory bond under 3 Comp. Laws, § 10743.

Error to Alpena; Emerick, J. Submitted November 9, 1909. ( Docket No. 9.) Decided December 30, 1909.

Assumpsit by the city of Alpena, for the use and benefit of Michael O'Brien, against the Title Guaranty & Surety Company upon a statutory bond. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Reversed.

*Luman W. Goodenough*, for appellant.

*O'Brien & Francis*, for appellee.

BROOKE, J.   This case grows out of the controversy discussed in the case of the *City of Alpena, for use of Besser*, v. *Surety Co., ante*, 329 (123 N. W. 1126).   The determination in that case is controlling of the case at bar, so far as it is applicable to the facts now before us.

The use plaintiff herein is assignee of nine different claims against the Murray Company for labor performed upon the dredge used by that company in the prosecution of the work under its contract with the city of Alpena. A portion of the time of each of the assignors for which pay is claimed was spent in raising the dredge, so that the work upon the contract could be continued.   We are of opinion that to the extent this claim is based upon labor furnished in raising the dredge recovery must be denied. That labor must be considered in the nature of a repair. For the labor performed in operating the dredge while it was employed upon the contract the use plaintiff is entitled to a judgment.

Judgment reversed, and a new trial ordered.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.