[No. 10587. Department One. November 11, 1912.]

STANDARD BOILER WORKS, *Appellant*, v. NATIONAL SURETY COMPANY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—PUBLIC WORKS—BONDS TO SECURE LABORERS AND MATERIALMEN. A bond under Rem. & Bal. Code, § 1159, to indemnify laborers, mechanics, subcontractors, and materialmen, and all persons supplying such persons with provisions or supplies for carrying on the work, does not cover the cost of repairs upon the steam shovel used by the contractor in the prosecution of the work; since the statute is intended to cover only the things furnished and used directly in the work and entirely consumed thereby.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 5, 1912, upon findings in favor of the defendants, in an action upon a bond given for the protection of laborers and materialmen upon city work, after a trial to the court. Affirmed.

*Skeel & Whitney*, for appellant.

*John W. Roberts* and *George L. Spirk*, for respondent.

CHADWICK, J.—The defendant Steenstrup was engaged in the performance of a contract for the improvement of Western avenue and Pike place, in the city of Seattle. Steenstrup employed plaintiff to make certain necessary repairs on a steam shovel which had been rented and was being used by him. The repairs amounted to the sum of $324.15. After the repairs had been made, the shovel was used for a

¹Reported in 127 Pac. 573.

day or two upon the works. Steenstrup afterwards became a bankrupt, and plaintiff brought this action upon the bond given by the contractor under Rem. & Bal. Code, §§ 1159; 1161. The court held "that said repairs made by plaintiff upon said steam shovel did not in any manner become a part of the said improvement of Western avenue and Pike place, nor was the same labor or material used in said improvement." From a judgment in favor of defendant, plaintiff has appealed, and relies upon the case of *National Surety Co. v. Bratnober Lumber Co.*, 67 Wash. 601, 122 Pac. 337, saying:

"A most liberal construction was [there] allowed. Rent for teams, feed and hay for the same, coal and fuel for the same identical steam shovel were allowed and declared to be contemplated by the statute. Surely repairs, labor and materials on the same steam shovel would be just as lienable. The improvement could not be efficiently prosecuted without this steam shovel, and the whole work would have been delayed had not the repairs been made."

It is true that we so held, but it does not follow that repairs put upon the machine or horses sold to the contractor to be used in the prosecution of the work are recoverable items under the statutory bond. The public is bound upon the theory that the thing furnished or supplied has gone into and become a part of the work; or, to state the proposition in another way, if the public pays for an item, it is because title has passed to it. To the transference of title, the incidental cost of transfer, whether in labor or material, may lawfully be added. The statute means to include:

"Anything that is furnished for, and used directly in the carrying on of the work, and is entirely consumed thereby. Such things do not enter into and become a physical part of the finished structure, as materials do, as that word is generally construed; but they do become as much a part of the structure as the labor which is performed upon it." *National Surety Co. v. Bratnober Lumber Co., supra.*

This is the logic of many of our decisions, more especially: *Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 Pac. 541,

Ann. Cas. 1912 B. 225; *Hall v. Cowen,* 51 Wash. 295, 98 Pac. 670; *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766. In none of our own cases, so far as we have been able to discover, have we discussed the item of repairs, but we find the general rule to be that no recovery can be had for machinery used in the prosecution of the work.

"The contract presupposes that the contractor has and will furnish upon his own account the necessary tools, implements and appliances with which to perform the work." *Kansas City etc. v. Youmans,* 213 Mo. 151, 112 S. W. 225.

The logical consequence of this holding is that repairs put upon such machinery do not come within the protection of the law. *Empire State Surety Co. v. Des Moines,* 152 Iowa 531, 131 N. W. 870, 132 N. W. 837; *City of Alpena etc. v. Title Guaranty & Surety Co.,* 159 Mich. 329, 123 N. W. 1126; *City of Alpena etc. v. Title Guaranty & Surety Co.,* 159 Mich. 334, 123 N. W. 1127; *City of Alpena etc. v. Murray Co.,* 159 Mich. 336, 123 N. W. 1128; *United States etc. v. Kimpland,* 93 Fed. 403; *United States etc. v. City Trust, Safe Deposit & Surety Co.,* 23 App. D. C. 155; *City of Philadelphia v. Malone,* 214 Pa. 90, 63 Atl. 539; *Beals v. Fidelity & Deposit Co.,* 76 App. Div. 526, 78 N. Y. Supp. 584.

In *United States etc. v. City Trust, Safe Deposit & Surety Co., supra,* which involved the right to recover for repairs to a dredge used upon a public work, it was held:

"We regard the question as too plain to require any elaboration of argument. As well might the person who constructed the dredging machine in the first instance seek to hold the surety liable, as the person who afterwards makes repairs in order to constitute the machine what it ought to be."

Our conclusion is that a contractor is presumed to be prepared with machinery and appliances necessary to do his work, that such items are furnished upon his credit and not upon the implied credit of the public, and that repairs, if made, will be paid out of the profits of the undertaking.

"Certainly the city could not under any circumstances be subjected to the payment out of the contract price or otherwise for the working equipment procured by the contractor and used by him in carrying on the work. It cannot be assumed that the contract price for the work covered as a part of the cost the purchase of the working equipment which might have been previously used or might be subsequently employed by the contractor in carrying on other work of like character." *Empire State Surety Co. v. Des Moines*, 152 Iowa 531, 549, 131 N. W. 870, 132 N. W. 837.

Finding no error, the judgment is affirmed.

MOUNT, C. J., PARKER, CROW, and GOSE, JJ., concur.