G. P. LILLARD, E. W. LILLARD, E. A. LILLARD, G. F. MATHEWS and WILLIAM LASSWELL, Respondents, v. ROYAL INDEMNITY COMPANY, Appellant.*

St. Louis Court of Appeals. Opinion filed March 2, 1926.

HIGHWAYS: Bonds: Contractor's Bond: Groceries and Provisions Furnished Workmen: Not Materials Entering into Construction of Road as Contemplated by Bond. Groceries and provisions furnished by plaintiff to subcontractors which were used by them in feeding workmen and laborers at the time such workmen and laborers were performing work and labor in the construction of a road under contract with the Missouri State Highway Commission, such items *held* not materials entering into the construction of the road as contemplated by the terms of the contractor's bond.

---

*Corpus Juris-Cyc. References; Highways, 29 C. J., p. 612, n. 65.

Appeal from the Circuit Court of Lewis County.—*Hon. J. A. Cooley,* Judge.

REVERSED.

*H. S. Rouse* and *C. H. Dickey* for appellant.

*E. C. Hilbert* for respondents.

NOTE: For briefs, see Wiss v. Royal Indemnity Company, page 568, this volume.

BECKER, J.—This is an action brought by plaintiffs below against the defendant, Royal Indemnity Company, as surety on a contractor's bond for groceries and provisions furnished by plaintiffs to subcontractors on a road building job, which groceries and provisions were used to furnish board to the workmen and laborers employed in the construction of the road.

The case was tried without the intervention of a jury. Judgment resulted for plaintiffs and the defendant appeals.

The sole assignment of error is that since it is conceded that the account sued on was solely for groceries and provisions furnished by plaintiffs to the subcontractors which were used by them in feeding workmen and laborers at the times said workmen and laborers were performing work and labor in the construction of a road under contract with the Missouri State Highway Commission, that such items, do not, as a matter of law, fall within the language of the bond given by the contractor and in which the defendant is surety, and therefore no recovery for such items can be had as against the said surety on the bond. The point is well taken.

The Missouri State Highway Commission entered into a written contract with O. J. Hanick for the construction of a gravel highway in Lewis County, Missouri, designated as project No. 38. At the time of the execution of said contract a bond was given to the Missouri

State Highway Commission signed by Hanick as principal and the Royal Indemnity Company as surety, conditioned among other things for the faithful performance of the terms and conditions of said contract, and that the principal and surety ''shall pay all lawful claims, for materials furnished or labor performed in the construction of said highway. . . .'' It may be well to note that the contract among other things provides that the contractor is required to provide all necessary machinery, tools, apparatus and other means of construction.

The firm of Thompson & McDaniel was engaged in the construction of project No. 38 in question, as subcontractors under Hanick, and the groceries and provisions making up the items of the account herein sued upon were used by said Thompson & McDaniel in their camp in furnishing meals to the workmen and laborers employed by them on the road construction under the contract.

In the case of Joseph H. Wiss v. Royal Indemnity Company, No. 19340, 282 S. W. 164, an opinion handed down simultaneously with the one in the instant case we determined under the language of the identical bond here before us that hay, grain and salt furnished a subcontractor for teams employed by him on this same project No. 38, did not fall within the terms of the bond. We set out therein at some length our reasoning therefor. What we have ruled therein applies with equal force to groceries and provisions furnished contractors which were used in the construction camp in furnishing board for workmen and laborers employed in the work under the contract for which the bond was given. The groceries and provisions herein sought to be recovered for cannot be held to be materials entering into the construction of the work as contemplated by the terms of the bond. [See Joseph R. Wiss v. Royal Indemnity Co., supra.]

Our ruling herein finds support in the case of Ferguson v. Despo, 8 Ind. App. 523, where a statute gave a

lien upon the right of way and franchise of a railroad corporation, "to all persons who shall perform work or labor or furnish materials in the way of grading, etc.," but the court refused to allow for board and groceries funished the workmen of certain contractors, for the reason that the same was not materials entering into the construction of the work.

To the same effect in Carson Co. v. Shelton, 15 L. R. A. 508 (N. S.) 107 S. W. 793, in which the Kentucky Court of Appeals held that supplies for the construction of a work within the meaning of a Mechanics' Lien Statute does not include food for men and teams while at work thereon, and the fact that the contractor to whom it is furnished boards his own hands, is immaterial.

It follows that the court erred in overruling defendant's demurrer offered at the close of plaintiffs' case, and that the judgment for plaintiff should be reversed. It is so ordered. *Daues, P. J.*, and *Nipper, J.*, concur.