STATE OF MISSOURI EX REL. LAWRENCE HERNLEBEN, RESPONDENT, v. DETROIT FIDELITY AND SURETY COMPANY, APPELLANT.

STATE OF MISSOURI EX REL. L. H. GRATZ, RESPONDENT, v. DETROIT FIDELITY AND SURETY COMPANY, APPELLANT.*

Kansas City Court of Appeals. November 11, 1929.

*Corpus Juris-Cyc. References: Highways, 29CJ, section 353, p. 612, n. 64.

*Embry & Embry* for respondent.

*George H. English* for appellant.

ARNOLD, J.—These are companion cases instituted in the name of the State of Missouri to the use of Lawrence Hernleben (16724) and L. H. Gratz (16725). The defendant is a corporation authorized to do business in the State of Missouri and engaged in furnishing bonds for contractors and in the course of its business defendant became surety on a bond of one Cole Jobe, to secure the performance by him with the Highway Commission of Missouri of certain road work and construction on State Highway No. 12 in Moniteau County.

Relator Hernleben operated a garage and in connection therewith sold automobile supplies, and for labor materials furnished Jobe, an itemized bill was rendered in the aggregate sum of $412.07. This account, in part, was made up of various items of gasoline, oil and grease, aggregating $290.99, for which amount defendant concedes liability. The remaining items of the account, aggregating $121.08, consisted of spark plugs, gaskets and other automobile truck parts, and labor for repairs upon the trucks used by the contractor in the performance of the contract in question.

The court refused an instruction limiting the liability of defendant to $290.99. The court heard the case without the aid of a jury and rendered judgment for the full amount, to-wit, $412.07. A motion for a new trial was overruled and defendant has appealed.

The facts in the Gratz case (No. 16725) are similar to those in the Hernleben case, excepting the amount sued for and the nature of the items making up the total amount. Gratz appears to have been a blacksmith, or mechanic, capable of repairing and keeping in working order automobile trucks. The petition in that case is based upon an account for labor and materials furnished Jobe, the contractor, while executing the contract in question. As in the Hernleben case, an itemized account was presented, in which a balance of $316.70 was claimed as due. All of the items of the said account, with the exception of some bolts of the value of $3.10,

used in splicing together sections of a culvert used in the road work, were for repairs to machines and machinery, such as graders and plows, belonging to, or used by Jobe in the performance of his contract.

The defendant concedes liability for the value of these bolts, but denies liability upon the. remainder of the account. Defendant asked an instruction, which the court refused, limiting defendant's liability to $3.10. The court rendered judgment for plaintiff in the sum of $307.85, the total amount asked, less some items not now in question.

A motion for a new trial was overruled and defendant has appealed.

The two cases are briefed as one and they are here considered together. There is no dispute as to the facts in either case and the basis of each case is a bond which, insofar as it relates to payment for labor and materials, is as follows:

"The condition of this obligation is such that if the above bounden principal . . . shall pay all lawful claims for materials used for labor performed in the construction of said highway under the operation of the laws of the State of Missouri, then this obligation is void; otherwise it shall remain in full force and effect."

The statute, pursuant to the provisions of which the bond in question was required, is found in the 1925 Session Laws of Missouri, p. 127, and reads as follows:

"Section 1. Repealing and re-enacting section 1040, Revised Statutes, 1919.—That section 1040, article III, chapter 8, of the Revised Statutes of Missouri 1919, be, and the same is hereby repealed, and a new section enacted in lieu thereof, to be known as section 1040, and to read as follows:

"Sec. 1040. Contractors for public work required to give bond.— It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in this state, in making contracts for public work of any kind to be performed for the state, county, town, township, school or road district to require every contractor for such work, to execute a bond to the state, county, city, town, township, school or road district, as the case may be, with good and sufficient sureties, and commissioners, or agents, and such bond, among other conditions shall be conditioned for the payment of material, lubricants, oil and gasoline used in or consumed in the construction of such work and for all labor performed in such work, whether by subcontractor or otherwise."

The only question for determination here is whether the court erred in holding that the defendant, as surety on the road bond given under this statute, is liable for repairs to and spare parts for machinery used by the contractor in the performance of his

contract. The controversy is over that part of the statute requiring the bond to be—"conditioned for the payment of material, lubricants, oil and gasoline used in or consumed in the construction of such work and for all labor performed in such work, whether by subcontractor or otherwise."

And in the consideration of this question we have not the benefit of any prior decision construing section 1040, Revised Statutes 1919, as amended in 1925. It has been held by appellate courts of this State that materials which constitute part of the contractor's plant, or his tools or implements with which he does his work, do not fall within the term "materials used in the construction of the work."

We are benefited in this respect by the clear reasoning of Graves, J., in his opinion in the case of Kansas City to use of Brick Co. v. Youmans, 213 Mo. 151, 112 S. W. 225. The opinion holds the provisions of the bond did not extend to rope, picks, pick handles, chains, buckets, spades, shovels, track spikes, rubber boots, etc., though worn out in the service, the action being against a surety upon a completion bond for the construction of a sewer. The court said, l. c. 181:

"It is urged by the intervening petitioner, Richards & Conover Hardware Company, that the evidence shows that the articles were entirely consumed in the work on this job and for that reason they fall within the term 'materials used therein,' as found in the contract. There are some loose expressions in several cases that lend color to the contention made by this respondent, but we are not impressed therewith, and will not follow such cases. Tools, implements and appliances used by the contractor in the prosecution of the work are not materials used therein in any reasonable sense of the term. If a pick, shovel, pair of boots, hoisting rope, or any other implement, tool or appliance used by the contractor on the work is worn out or broken, is does not follow that such an article becomes material used therein within the meaning of the contract. The contract presupposes that the contractor has and will furnish upon his own account the necessary tools, implements and appliances with which to perform the work."

It is true that the opinion from which we have just quoted was written prior to the amendment of 1925 (supra). But we think the language of the amendment does not alter the situation. The opinion of the St. Louis Court of Appeals in Wiss v. Indemnity Co., 219 Mo. App. 568, 282 S. W. 164, was written after section 1040, Revised Statutes 1919, was amended. But the same line of reasoning was followed as in the Youmans case—the court holding that feed furnished for the teams employed on the work did not enter into the construction thereof, nor was it material used in the work; that this was true even though the feed was wholly consumed by the teams

used by the contractor in doing part of the work. In the expressed view of the court, the feed was used for the purpose of maintaining the life of the teams and the teams, of course, were to be used in the performance of any other work the contractor might secure. The court said, l. c. 576:

"The teams may be likened to machine graders, scrapers, tools, etc., which are not materials in the sense used in the statute but are materials that go to make up the so-called contractor's plant or outfit, or equipment which are available, not only for this one contract but for other work, and which in the instant case the very terms of the contract required the contractor to furnish. If we are to hold feed for the horses within the bond, then a blacksmith's claim for labor for shoeing and the veterinary for his services must likewise come within the bond. Each of these items, however, in our judgment, must be viewed as collateral to the contract and as not contemplated by the parties as coming within the language of the bond as 'materials furnished for or labor performed in the construction of said highway.' "

Adopting for use here the reasoning of Judge GRAVES in the Youmans case, plows, graders and machinery generally used in the performance of the contract, remains the property of the owner whose duty it is to keep them in repair and in workable condition. This is not true, however, with respect to materials that are used up in the performance of the work, such as explosives, gasoline, oils and grease. They enter into and form a part of the structure quite as much as the earth, culverts and bridges, that can be seen and felt. This was the extent of our holding in State ex rel. v. Lyle, 5 S. W. (2d) 453. We there made the distinction between oil, dynamite, fuses and caps on the one hand, and tools, machinery and appliances which survive the performance of the work and could be used on other contracts, on the other, citing Kansas City v. Youmans, supra; Wiss v. Indemnity Co., supra; Beals v. Fid. & Dep. Co, 76 App. Div. 526, 78 N. Y. S. 384, and 178 N. Y. 581, 70 N. E. 1095; Am. Surety Co. v. Lawrenceville, etc., 110 Fed. (C. C. A.) 717, and Lillard v. Indemnity Co., 219 Mo. App. 584, 262 S. W. 168. The contract presupposes that the contractor has, and will furnish upon his own account, the necessary tools, implements and appliances for the prosecution of his work, and, going a step further, that he will keep them in order.

Can it be reasonably contended that if any of the implements or machinery is completely worn out on the work the state would be chargeable therefor, and required to replace them with new? Certainly not. It is plaintiff's contention in the Gratz case that in the repair of the machinery and tools, work and some materials were expended, and that such items are within the purview of the guaranty. We are not impressed with this argument, for, as we rule

on this point, it is the contractor's duty not only to furnish the necessary implements and machinery for the proper execution of the work, but to keep them in order. It follows, therefore, that the time and material expended in keeping in repair the implements and machinery of the contractor are not expended in the construction of the road. On this point, the language of the court in U. S. Fid. & Guar. Co. v. Henderson, 253 S. W. (Tex.) 835, 843 applies, as follows:

"Appellants make the following supplemental statement:

"The intervener, Dean Jackson, filed a claim in this suit, setting up various items in the nature of repair bills. His uncontradicted testimony was as follows: 'This work was in the nature of repair work to their plows and tools and equipment that they were using out there on the road.'

"The following authorities condemn this claim: Standard Boiler Works v. National Surety Co., 71 Wash. 25, 127 Pac. 573, 43 L. R. A. (N. S.) 162; Alpena ex rel. Besser v. Title Gty. & Surety Co., 159 Mich. 329, 123 N. W. 1126; Alpena ex rel. O'Brien v. Title Gty. & Surety Co., 159 Mich. 334, 123 N. W. 1127; Empire State Surety Co. v. Des Moines, 152 Iowa 552, 131 N. W. 870, 132 N. W. 837; U. S. Use of Briscoe v. City Trust S. D. & S. Co., 23 App. Div. C. 155; National Surety Co. v. U. S. Use of Pitts. & Buff Co., 228 Fed. 577, 143 C. C. A. 99, L. R. A. 1917A, 336."

It, therefore, logically follows that repairs put upon the machinery and appliances used in the construction work do not come within the terms of the guaranty. We hold this ruling to be in harmony with the Youmans and Lyle cases to which we have referred, and which are discussed by defendants in their very able duplex brief. For reasons above stated, we hold the trial court erred in refusing defendant's instructions limiting its liability in the Hernleben case to $290.99, and in the Gratz case to $3.10.

For reasons above stated the judgment will be affirmed on condition of a *remittitur* of $121.08 in the Hernleben case and $304.75 in the Gratz case, within ten days hereof; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Bland, J.,* concurs; *Trimble, P. J.,* absent.