Commonwealth, to use, *v.* Union Indemnity Co.

Argued December 3, 1929.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Carlos Berguido, Jr.,* with him *Ira Jewell Williams, Francis Shunk Brown* and *Samuel I. Spyker,* for C. H. Miller Hardware Company, appellant.—The dynamite furnished by appellant entered into and became a component part of the work which was contracted to be done.

In every jurisdiction where the question has been raised even under mechanics' lien statutes recovery has been allowed for dynamite and other materials which are consumed directly on the work.

Even in this State where mechanics' lien statutes are construed strictly recovery has been allowed in several cases though there was no actual physical incorporation: Bank of Penna. v. Gries, 35 Pa. 423; Hill v. Newman, 38 Pa. 151; Lybrand v. Eberly, 36 Pa. 347.

The contract between the Commonwealth and the contractor covered dynamite, powder and other explosives required in the work of excavation: Com., to use, v. Bonham Co., 297 Pa. 514.

*Frederick W. Gourlay,* with him *Lewis, Adler & Laws,* for Union Indemnity Company, appellee.

*Carlos Berguido, Jr.,* with him *Ira Jewell Williams* and *Francis Shunk Brown,* for appellant, in No. 333.— The liability of a paid surety is not construed strictissimi juris: Young v. Bonding Co., 228 Pa. 373; Butz & Clader v. Metal Co., 255 Pa. 53.

The language of the bond, contract and specifications, when construed together, clearly makes surety liable: Bowditch v. Gourley, 24 Pa. Superior Ct. 342; Phila. v. Jackson & Co., 280 Pa. 319.

The amendment of section 13, of the Act of May 31, 1911, P. L. 468, by the Act of May 16, 1921, P. L. 650, clearly evidences a legislative intent to extend the rights of persons furnishing labor or materials to state highway contractors, and under it the surety is liable in this case: Title Guaranty & Trust Co. v. Crane Co., 219 Pa. U. S. 24; Illinois Surety Co. v. John Davis Co., 244 U. S. 376.

*Frederick W. Gourley,* with him *Lewis, Adler & Laws,* for Union Indemnity Company, appellee, in No. 333.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1930:

These proceedings in the court below ultimately took the form of two cases stated in which there was submitted for determination whether, under a bond given

to the Commonwealth by the contractor for the building of a state highway in pursuance of section 13 of the Act of May 31, 1911, P. L. 468, as amended by the Act of May 16, 1921, P. L. 650, the condition of which is that the surety "shall well and truly pay for all material furnished and labor performed in and about the construction of said highway," the surety is required to pay for gasoline, ray-o-lite and oil used in operating shovels employed in the work of excavation and for dynamite, powder, explosives and fuses used by the contractor while engaged in the work. The court determined that there was no liability and plaintiffs have appealed.

No recovery could be had under the Act of 1911 for the cost of the materials here claimed, since we have uniformly held that the surety on such a bond as that before us can be held liable only for such materials as "enter into and become a part of the visible work which was contracted to be done" and it could not be said that any of the materials here claimed for either entered into or became part of the visible work: Phila. v. Malone, 214 Pa. 90; Com. v. National Surety Co., 253 Pa. 5; Phila. v. Jackson & Co., 280 Pa. 319.

Appellants argue that the amending Act of 1921 has widened the obligation of sureties on such bonds and rendered defendant liable. This position is not based upon any express change made in the wording of the bond required to be given, for as to this there is no change wrought by the amending act, but it is said that the language of the bond, contract and specifications, when construed together with the act in view, fixes liability. We think the latter contention based upon the language of the bond, contract and specifications construed together is somewhat far fetched. There could not be imported into the bond a responsibility not provided by the act and the language of the obligation itself.

This brings us to a consideration of the amendment of 1921. It is said that this enactment clearly evidences a legislative intent to extend the liability in instances

such as those with which we are now concerned. But does it? In view of our decisions under the Act of 1911 (it is conceded by appellants that under that statute there would be no liability) the extension of liability by the amendment would have to be clear and certain, because, if the legislature intended to extend it, it would have been very easy to do so by direct language. Liability ought not to rest upon inference or strained construction, but should arise directly from the express words of the amendment. The Act of 1911 provides that the bond shall stipulate that the contractor "shall well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway, all and every sum and sums of money due him, them and any of them, for all such labor and materials for which the contractor is liable"; the amendment of 1921, "shall well and truly pay for all material furnished and labor performed in and about the construction of said highway; and any person, firm, or corporation who has furnished labor or materials used in the construction or improvement of any state highway or of any state-aid highway under the provisions of this act, and payment for which has not been made, shall have the right to intervene," etc. It will thus be seen that the prescribed condition of the bond under the two acts is substantially the same, "shall well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway" in the one and "shall well and truly pay for all material furnished and labor performed in and about the construction of said highway" in the other. Appellant would import into the obligation of the surety the further words of the amendment "and any person, firm or corporation who has furnished labor or materials used in the construction or improvement of any state highway......and payment for which has not been made, shall have the right to intervene," etc. These words do not relate to the obligation of the

surety, but to the proceedings which the creditor may take to enforce his claim against the bondsman if he has one. Even if they did apply to the latter's undertaking, the use of the phrase "labor or materials *used* in the construction" does not negative the conclusion reached in our earlier cases that the materials must be such as "enter into and become a part of the visible work which was contracted to be done": Phila. v. Malone, 214 Pa. 90, and cases heretofore cited. It could no more be said that the materials herein involved any more met the test than did the coal in the Malone Case. The decisions under federal statutes or those of other states cited to us by appellants have no bearing on the meaning of our acts or on the question of public policy which they involve.

The judgments are affirmed.