EQUITABLE TRUST CO. v. DETROIT GOLF & RECREATION CO.

1. MECHANICS' LIENS—BURDEN OF PROOF.
   Burden is on lienor to establish right of lien.

2. SAME—EXCESSIVE CLAIM—GOOD FAITH—STATUTES.
   Where lienor's bad faith in filing statement of lien was convincingly evidenced by failing to give credit for payment on account of over $3,000, and including nonlienable items of considerable amount, true character of which was not disclosed by account filed or by that served on defendant, trial court properly held lien invalid (3 Comp. Laws 1929, § 13105).

Appeal from Wayne; Rathbun (George A.), J., presiding. Submitted October 20, 1932. (Docket No. 178, Calendar No. 36,849.) Decided December 6, 1932.

As to inclusion of nonlienable items, see annotation in 29 L. R. A. (N. S.) 315.

Bill by Equitable Trust Company, a Michigan corporation, trustee for J. W. Butler Construction Company, bankrupt, against Detroit Golf & Recreation Company, a Michigan corporation, and Joseph F. Weber to foreclose a mechanic's lien. Bill dismissed. Plaintiff appeals. Affirmed.

*Bruno L. Blinstrub* (*Bryant, Lincoln, Miller & Bevan,* of counsel), for plaintiff.

*Longley, Bogle & Middleton,* for defendant Weber.

North, J. In this suit in equity plaintiff seeks foreclosure of a mechanic's lien. Decree was entered in the circuit court dismissing the bill of complaint, and plaintiff by its trustee in bankruptcy has appealed.

The defendant Joseph F. Weber, being the owner of a parcel of vacant land in the city of Detroit, in 1930 leased it to the other defendant, the Detroit Golf & Recreation Company, a Michigan corporation. This lease was for a term of four years and 10 months, and provided that the property was to be used as a "recreation park." The parties contemplated the construction and operation of a golf driving course; and the lease required the lessee to expend within four months from the date of the lease $10,000 in "fences, buildings, booths, etc." The lease further specified that such improvements should not be removed, and that they would become the property of the lessor upon expiration of the lease. Immediately upon execution of the lease the lessee, the Detroit Golf & Recreation Company, entered into a written contract with the J. W. Butler Construction Company for the construction of the

golf driving range, buildings, and other improvements incident to developing the contemplated enterprise. The contract provided that plaintiff should be paid the cost of labor and materials furnished plus a fee of 10 per cent. It was performed by plaintiff, but except as hereinafter noted plaintiff was not paid. Plaintiff served each of the defendants with notice of intention to claim a lien upon the property, and within the statutory period it did file a claim of lien and statement of its account in the amount of $17,006.67, and notice thereof was served on each of the defendants.

The golf driving range proved to be an unsuccessful venture, and within a few months the Golf & Recreation Company was ousted from possession of the leased premises for nonpayment of rent. It has not appeared in defense of the present suit. In this connection it may be noted that two of its directors were likewise officers of or interested in plaintiff company. Evidently, because of the nature of this lease, plaintiff's lien is asserted against the rights of the lessor. See *Hart* v. *Reid*, 243 Mich. 175. Joseph F. Weber contests the validity of plaintiff's alleged lien on several grounds. Among them, he asserts that plaintiff fraudulently filed a claim of lien for an excessive amount, and that the claim of lien included a substantial amount of nonlienable materials. It was on these grounds, and others which need not be reviewed, that the circuit judge held the lien invalid, and dismissed plaintiff's bill of complaint.

As above noted, plaintiff filed a claim of lien in the amount of $17,006.67. We forego review of the record upon which defendant bases a claim that in arriving at this total plaintiff has made excessive

charges for both labor and material. The circuit judge found that this claim was sustained by the proof. But apart from this phase of the case, the record clearly discloses that prior to filing its claim of lien plaintiff had received over $3,000 on its account, and that in fixing the amount of its claim it gave no credit whatever for the amount so received. It also appears by convincing proof that there was included in the account for which plaintiff claims a lien upwards of $1,500 of materials as to which there was not the least justification for asserting a right of lien, such as golf balls, water pails, cocoa mats, etc. And the bad faith of plaintiff in so doing is quite convincingly evidenced by the fact that the character of these materials was not disclosed by the account it filed or the one it served on the defendant Weber. Instead, the nature of these charges was not developed or disclosed until the cross-examination of plaintiff's witnesses at the hearing of the case. The lien also included expenditures for insurance, cartage, and other items which we think were nonlienable. We cannot resist the conclusion that plaintiff knowingly suppressed the true status of this account, and intentionally made claim of a lien for hundreds of dollars in excess of the amount actually due plaintiff. The burden was on plaintiff to establish its right of lien. *R. C. Mahon Co.* v. *Ford Motor Co.,* 256 Mich. 255. Further, the statute requires the lien claimant to file "a just and true statement or account of the demand due him." 3 Comp. Laws 1929, § 13105. In making disposition of this case we are not unmindful of the following propositions of law:

"But we have uniformly held that where the mistake is not made in bad faith but there is an honest

mistake of fact made in the honest belief of its correctness, the lien will not be lost by reason of the excessive claim." *Ypsilanti Lumber & Coal Co.* v. *Leslie,* 218 Mich. 664.

See, also, *Gibbs* v. *Hanchette,* 90 Mich. 657.

"A lien is not rendered void by the fact that there are included in the claim nonlienable as well as lienable items, where there is no dishonest attempt on the part of the claimant to obtain more than is his due, and where by reason of the method of stating the claims the lienable and nonlienable items can be segregated." 18 R. C. L. p. 942.

But a careful review of this record satisfies us that the circuit judge was right in his opinion wherein he states:

"This court cannot credit plaintiff with good faith in originally filing its lien without making any allowance for the foregoing then known credit, and in also failing to deduct the items not lienable."

The decree entered in the circuit court is affirmed. Appellee will have costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.