### In re KENT REFINING CO.

### Claim of GELOCK TRANSFER LINE.

### No. 6572.

District Court, W. D. Michigan, S. D.
June 2, 1937.

Edward H. Benson, of Grand Rapids, Mich., ·for claimant.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for temporary trustee.

RAYMOND, District Judge.

The parties have stipulated that final disposition of the claim of Gelock Transfer Line may be made upon the certificate of the special master filed in the reorganization proceedings prior to adjudication of debtor as a bankrupt. The question for decision is one of law, the facts being uncontroverted and substantially as stated in the certificate of the special master. No restatement of the facts is deemed necessary.

The precise issue is whether or not under the mechanics' lien statutes of Michigan (section 13101, C.L.Mich.1929), one who transports materials and supplies for use in prosecution of work under the contract is entitled to a lien for hauling, loading, and unloading. As stated by counsel in their briefs, there is great diversity of opinion upon this subject. The court is of the belief, however, that the question has been settled in Michigan in the case of City of Alpena v. Murray Co., 159 Mich. 336, 123 N.W. 1128, which holds that a recovery may not be had upon the statutory bond given by a contractor engaging in the construction of public buildings for the value of cartage of supplies for use in the performance of the contract. It is true that this case grew out of the bond of a public contractor, but, in the case of City of Alpena v. Title Guaranty & Surety Co., 159 Mich. 329, 123 N.W. 1126 (a companion case), it was noted that by the statutory provision for contractors for the construction of public buildings, the Legislature intended to afford to those who furnish labor or material for public buildings or works the same protection they would have under the general lien laws of the state, had the labor or materials been furnished for a private undertaking. The case of Equitable Trust Co. v. Golf & Recreation Co., 260 Mich. 606, 245 N.W. 531, assumes without discussion that such items are nonlienable. The same result has been reached by the federal courts in cases involving bonds of public contractors furnished under 40 U.S.C. § 270 (40 U.S.C.A. § 270). See United States v. Hyatt (C.C.A.) 92 F. 442; Mandel v. United States (C.C.A.) 4 F.(2d) 629; United States v. Hercules Co. (D.C.) 52 F.(2d) 451. Some federal courts recognize the distinction which is to be made in those cases where by the terms of the contract of employment the freight becomes in effect a part of the purchase price fixed by the contract. See Maryland Casualty Co. v. Ohio River Gravel Co. (C.C.A.) 20 F. (2d) 514. No such situation is found by the record to exist in this case.

Under the authorities above cited, the finding of the special master that the claim should be allowed as a secured claim for $229.45 and as a general claim for $104 will be affirmed, and an order will be entered accordingly.