HEMPSTEAD v. THOMAS, Collector of Customs.

(Circuit Court of Appeals, Third Circuit. May 9, 1904.)

No. 11.

1. CUSTOMS DUTIES—CLASSIFICATION—BORATE OF MANGANESE—BORATE MATE-
RIAL—CHEMICAL COMPOUND—NOSCITUR A SOCIIS.

The enumeration in paragraph 11, Tariff Act July 24, 1897, c. 11, 30
Stat. 152 [U. S. Comp. St. 1901, p. 1627], of "other borate material," re-
fers only to borate materials found in nature in a raw condition, such
as the "borates of lime or soda" included in the same provision, and does
not embrace borate of manganese, or bormangan, which is a manufac-
tured article made from manganese and borates of lime or soda, and
which is held to be dutiable as a chemical compound or salt under para-
graph 3 of said act, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627].

Appeal from the Circuit Court of the United States for the Eastern
District of Pennsylvania.

For decision below, see Hempstead v. United States, 123 Fed. 346,
G. A. 5155.

Wm. A. Keener (J. Stuart Tompkins, on the brief), for appellant.

James B. Holland and Wm. M. Stewart, Jr., for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. This is an appeal by the importers from a
decree of the Circuit Court of the United States for the Eastern District
of Pennsylvania, affirming the action of the Board of General Ap-
praisers. The undisputed facts appear to be as follows:

O. G. Hempstead & Son imported into the port of Philadelphia,
at various dates between December 4, 1899, and March 29, 1900, 16
separate lots of merchandise, invoiced as bormangan, or borate of man-
ganese, which was assessed with duty at three cents per pound, under
paragraph 11, Act July 24, 1897, c. 11, 30 Stat. 152 [U. S. Comp. St.
1901, p. 1627] which provides as follows:

"11. Borax, five cents per pound; borates of lime or soda, or other borate
material not otherwise provided for, containing more than thirty-six per
centum of anhydrous boracic acid, four cents per pound; borates of lime or
soda, or other borate material not otherwise provided for, containing not
more than thirty-six per centum of anhydrous boracic acid, three cents per
pound."

The importers protested against this classification and assessment,
claiming that said merchandise was dutiable at 25 per cent. ad valorem
as a chemical compound or salts, under paragraph 3 of said act of 1897,
c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627], which said para-
graph reads as follows:

"3. Alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered
oils, and all combinations of the foregoing, and all chemical compounds and
salts not specially provided for in this act, twenty five per centum ad valo-
rem."

The Board of General Appraisers overruled the protests, and af-
firmed the decision of the collector. The Circuit Court affirmed the

action of the Board of General Appraisers., In so doing, we think the learned judge of the court below was in error. We take the following findings of fact from the opinion of the court:

"It is agreed by the parties to this appeal, that the following facts have been established by the testimony: The merchandise in question is borate of manganese, and is known by the trade as such. It is not found in nature, but is a manufactured product derived from borate of lime, or borate of soda, and manganese. It is a compound of boracic acid and manganese. The several importations in question contain from 4 to 20 per cent. of manganese, and from 10 to 30 per cent. of anhydrous boracic acid. The market price of manganese is 4 cents a pound, and the market price of anhydrous boracic acid is 16 cents a pound. Borate of manganese is extensively used in the manufacture of varnishes, where a light colored varnish is desired, and its only practical use is in such manufacture. The manganese acts as a dryer, the boracic acid having apparently no effect, except as a vehicle for the manganese."

The classification of the importation in this case turns upon the meaning of the words "other borate material," as used in paragraph 11, above quoted. There is apparently confusion in the use of the word "material," by both the Board of Appraisers and the court. It is sometimes used by them as the equivalent of "substance" or "article," without reference to its real meaning as the substance or matter of which anything is made or to be made.

Borate of manganese is shown by the testimony to be an article not found in nature, but manufactured from the raw materials, borate of lime, or borate of soda, which are found in nature. Borate of manganese, therefore, is purely a manufactured article—as stated above, a chemical compound of boracic acid and manganese.

Is this borate of manganese a "borate material," within the meaning of paragraph 11 of the tariff act of 1897? We think not. As the only borate material specifically mentioned in paragraph 11 of the tariff act of 1897 are the borates of lime and soda, the meaning of "other borate material," used in conjunction therewith, must, on the principle of noscitur a sociis, be determined with reference to these substances. Borate of lime and borate of soda are the principal raw materials from which borax and boracic acid are obtained. There are other borate materials, such as Tuscan crude boracic acid, tincal, boro-nitro-calcite, boracic acid crystals and tisa, from which borax and boracic acid are manufactured. They are all crude raw materials found in nature, and are of a character similar to borate of lime and borate of soda, but borate of lime and borate of soda seem to be the principal borate materials from which borax and boracic acid are obtained, as they are found in nature in enormous quantities. Borate of manganese, on the other hand, as we have seen, is not found in nature, but is a manufactured product, obtained from the raw materials, borate of lime, borate of soda, and manganese. Thus manufactured, it contains, of course, boracic acid in varying proportions from 10 to 30 per cent., the same being useful only as a vehicle for the manganese, and when eliminated, is waste product. It is true, that, chemically, borax and boracic acid can be obtained from the borate of manganese, but it is not true that, commercially, they can be so ob-

tained. It is in evidence that borax is sold for 8¼ cents per pound, and boracic acid for 16 cents per pound, while it would cost at least one dollar per pound to produce borax or boracic acid from borate of manganese. It is also testified that, apart from the cost, boracic acid so obtained would not be a commercial article, on account of the stain produced by the manganese.

We think, therefore, that it is clearly established by the evidence contained in this record, that borate of manganese is not, practically or commercially, a borate material. It is itself a product of the borate materials mentioned in paragraph 11 of the tariff act referred to.

It is admitted on both sides, that this paragraph is founded upon the protective policy of the government. This fact only lends force and emphasis to the argument, that a practical and commercial meaning must be given to the words "borate material." The fact that, chemically, it is possible to produce borax or boracic acid from borate of manganese, does not bring the latter within the meaning of the words "borate material," as used in the paragraph in question. Neither the letter nor the spirit of the act requires that it should.

Excluded from classification under paragraph 11 of the tariff act of July 24, 1897, borate of manganese, we think, should be classified under paragraph 3 of the said act, as a chemical compound or salts not specially provided for in the act.

The decree of the court below is reversed, and the case remanded to that court, with directions to enter a decree in conformity with this opinion.