# Henry Bickel Company v. National Surety Company, et al.

(Decided January 8, 1914).

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Mechanics' Liens—Sureties.—The owner of an engine who rents it to a sewer contractor to use in the construction of a sewer, has no mechanic's lien under the statute for the rent of the engine, although used in the construction of the sewer, and may not maintain an action against the surety in a bond conditioned for the protection of persons furnishing material in such work.

FURLONG, WOODBURY & FURLONG for appellant.

WILLIAM W. CRAWFORD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

E. A. Barker and Son were the contractors for the construction of section B of the northwestern sewer in Louisville under a contract with the commissioners of sewerage; and the National Surety Company was the surety of Barker and Son on a bond executed to the commissioners of sewerage, conditioned for the faithful performance of the contract, and "to save and protect the said commissioners of sewerage of the city of Louisville, Kentucky, and any person furnishing materials in the prosecution of said work from any loss or damage by reason thereof." The Henry Bickel Company rented to the contractors, E. A. Barker and Son, a hoisting engine at the rate of $2.50 a day, the total rent accruing for the time the engine was used by the contractors in the work amounting to $265.00. Barker and Son failed to pay the Bickel Company the rent; and within the time fixed in the mechanics lien statute the Bickel Company filed its claim in the county clerk's office of Jefferson county asserting a mechanics and material man's lien for the sum of $265.00, and shortly thereafter instituted this action against the contractors, the National Surety Company and the commissioners of sewerage, setting out in the petition the above facts. The commissioners of sewerage and the National Surety Company demurred to the petition; the demurrer was sustained and the plaintiff declining to plead further, the petition was dismissed as to them. The plaintiffs appeal.

The question arising on the appeal is whether or not the plaintiff by furnishing the traction engine in the construction of the sewer in controversy has a lien under section 2463 Kentucky Statutes; and whether under the provisions of the bond, the surety company is liable for the rental of the engine.

Section 2463 Ky. Stats. provides:

"A person who performs labor or furnishes materials in the erection, altering or repairing a house, building or other structure, or for any fixture or machinery therein, or for the excavation of cellars, cisterns, vaults. wells, or for the improvement, in any manner, of real estate by contract with, or by the written consent of, the owner, contractor, sub-contractor, architect or authorized agent, shall have a lien thereon, and upon the land upon which said improvements shall have been made or on any interest such owner has in the same, to secure the amount thereof with costs."

The bond executed by the National Surety Company was taken by the Commissioners of sewerage to protect them against claims arising under the statute, and by its terms the obligors in the bond bound themselves to protect "any person furnishing materials in the prosecution of said work from any loss or damage by reason thereof." Unless by renting the engine to the contractors to be used in the work the Bickel Company became a "person furnishing materials in the prosecution of said work," its rent claim is not within the terms of the bond; and if it was in this way, a person furnishing materials in the prosecution of the work, it is entitled to a lien under the statute. So the whole case comes to this: Is the Bickel Company entitled to a lien under the statute for the rent of the engine?

In Fowler and Guy v. Pompelly, 25 R., 615, the person who hauled the lumber to the premises where the house was built was held entitled to a lien as a material man furnishing labor; but in that case the labor was performed by the man who asserted the claim. The lumber had to be hauled from the mill and the hauling of the lumber to the premises and the putting of the lumber on the house were necessary steps in the erection of the building, the hauling entering into the value of the lumber when placed on the ground. In Carson v. Shelton, 128 Ky., 248, a contractor boarded his hands, and bought from Carson the supplies necessary for this purpose, and for the feeding of his teams. Carson asserted a lien but

it was held that he had furnished supplies for the contractor and not material for the work; and the lien was refused.

In Avery and Sons v. Woodruff, etc., 144 Ky., 227, a material man's lien was adjudged in favor of the person who furnished the lumber out of which the concrete forms were made for the erection of a concrete building. In that case the court said:

"In the case at bar, the material furnished by appellees was raw lumber to be used in the erection of the concrete building, and it was contemplated by the parties at the time it was furnished that it would be totally used up in making forms in the erection of the Avery and Sons' plant. If the lumber had been furnished to make a scaffold, molds, or forms with the intention of using them in the erection of that building and then carry them away and use them in constructing other buildings, then no lien would attach, as they would be regarded as a part of the appliances of the workmen and would occupy the same place as a hammer, saw or other tool used by the workmen, for which no lien is allowed by the statute."

The engine which was used in this case occupied the same place as a hammer, saw or other tool used by the workmen. The person who rented the engine is no more entitled to a lien on the sewer for the rent than the merchant would be who sold him the spades, drills, or other tools constituting his plant, with which he did the work. In Evans v. Lower, 67 N. J. Equity, 233, one of the claims was for the tools furnished the contractor and used in the work. A lien was refused. In Lohman v. Peterson, 87 Wis., 227, the owner of oxen hired them out to a person who performed labor in hauling ties and asserted a lien for the rent of his oxen. The claim was disallowed. That case differs from the Pompelly case above referred to. In the Pompelly case the man who did the hauling asserted the lien, but in the Lohman case the man who hired the oxen to the man who did the hauling, asserted the lien. In McAuliffe v. Jorgenson, 107 Wis., 132, a contractor for the boring of a well rented a well-boring machine from McAuliffe, and McAuliffe not having been paid the rent of his machine, asserted a lien. The court pointed out that when he hired his machine to the contractor, it became the latter's machine, while he used it and was used by him as though it was his own; that for its use in connection with his own labor, he would have been entitled to a lien—not for

the use of the machine alone, but because with his labors in the use and operation of the machine, the well was drilled. After pointing this out, the court said:

"The machine thus used is 'the plant of the contractor,' and can in no sense be said to be materials furnished or used in the drilling of the well. Basshor v. B. & O. R. Co., 65 Md., 99. To permit this lien to stand and be enforced would be stretching the lien law beyond any reasonable limit."

In Potter Manufacturing Co. v. Meyer & Co., 171 Ind., 513, the contractor for the construction of a sewer rented of the Potter Manufacturing Company a trench machine, and it asserted a lien on the work for its rent. Refusing a lien, the court said:

"This trench machine, owned by appellant, did not work automatically, but was operated by men in the employ and under direction of the lessee of the machine, J. J. Smith & Company. There could be no question that the contractor, J. J. Smith & Company, might have acquired a lien to the extent of the value of the work done, including that done by this labor saving machine. Appellant, however, did not perform, or in any manner engage to perform, any labor upon the structure to be erected. Its claim is not for the value of work actually done, but compensation at an agreed price for a specified time, as the rental value of the machine, * * * * *, we are clearly of opinion that appellant is not shown to have performed any work, and, as the mere lessor of this machine, cannot be regarded as one performing labor within the meaning of the statute under consideration."

A similar conclusion was reached in Allen v. Elwert, 29 Ore., 428; Oppenheimer v. Morrell, 118 Pa. St., 189; Stimson Mill Co. v. Los Angeles Traction Co., 141 Cal., 30; Meek v. Parker, 58 Am. St. Rep., 119; McMullen v. McMullen, 69 Am. St. Rep., 510; Wood Curtis & Co. v. Eldorado Lumber Co., 16 L. R. A., N. S., 584, and notes; Haas Electric Co. v. Springfield, Etc., Park Co., 23 L. R. A., N. S., 620; McKimmon v. Red River Lumber Co., 42 L. R. A., N. S., 872, and notes; Troy Public Works Co. v. City of Yonkers, Etc., 44 L. R. A., N. S., 311.

Judgment affirmed.