# Union Indemnity Co. et al. v. Pennsylvania Boiler Works.

(Decided Dec. 13, 1932.)

474

WOODWARD, HAMILTON & HOBSON for appellant.

JOSEPH LAZARUS and STANLEY GARFEIN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Pittsburgh Foundation Company entered into a contract with the commissioners of sewerage of the city of Louisville to construct a sewer. The Union Indemnity Company and two other surety companies became bound as sureties for the contractor "to pay for all labor performed or furnished, and for all materials used in the carrying out of said contract." The contractor purchased a boiler from the Pennsylvania Boiler Works for which it agreed to pay $2,016.66. The purchase was made shortly after the bond was given. The contractor made four payments on the purchase price of the property, amounting to $1,344.42, and then defaulted. The boiler company sued the surety companies for the balance due on the boiler and recovered a judgment. The surety companies have prosecuted an appeal. The theory upon which the judgment of the circuit court was rendered was that the boiler was "material used in the carrying out" of the contract. The surety companies insist that the terms of the obligation did not include the purchase price of a boiler, although it was an instrumentality utilized by the contractor in carrying out the contract. The contract is to be construed reasonably to effectuate the intention of the parties as manifested by the language employed to express the terms and to define the extent of the obligation. Standard Oil Co. v. National Surety Co., 234 Ky. 764, 29 S. W. (2d) 29. The tendency of modern decisions is toward a liberalization of construction to embrace the materials consumed in the construction of the improvement as well as things depreciated in doing the work. Mid-Continent Petroleum Corporation v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229. But the decisions are squarely against the allowance of claims for such purchases by the contractor as con-

stitute his tools, equipment, appliances, or plant, which are things of a permanent nature that are not consumed in constructing the improvement, but which may be used on many contracts. United States Rubber Co. v. American Bonding Co., 86 Wash. 180, 149 P. 706, L. R. A. 1915F, 951; Southern Surety Co. v. Metropolitan Sewerage Comm., 187 Wis. 206, 201 N. W. 980, 204 N. W. 476; Royal Indemnity Co. v. Day & Maddock Co., 114 Ohio St. 58, 150 N. E. 426, 44 A. L. R. 374; Standard Boiler Works v. National Surety Co., 71 Wash. 28, 177 P. 573, 43 L. R. A. (N. S.) 162; United States Fid. & Guaranty Co. v. Cal.-Ariz. Const. Co., 21 Ariz. 172, 186 P. 502; Sherman v. American Surety Co., 178 Cal. 286, 173 P. 161; Barker & Stewart Lumber Co. v. Marathon Paper Mills Co., 146 Wis. 12, 130 N. W. 866, 36 L. R. A. (N. S.) 875; Southern Surety Co. v. Municipal Excavator Co., 61 Okla. 215, 160 P. 617, L. R. A. 1917B, 558; Kansas City, to Use of Kansas City Hydraulic Press Brick Co., v. Youmans, 213 Mo. 151, 112 S. W. 225; U. S. v. Conkling (C. C. A.) 135 F. 508.

In Avery & Sons v. Woodruff & Cahill, 144 Ky. 227, 137 S. W. 1088, 36 L. R. A. (N. S.) 866, a lien was allowed for lumber used in making forms for concrete construction, but the opinion pointed out that lumber used for making permanent appliances to be moved away and used in performing other contracts would not be within the reason or the range of the rule. In Fidelity & Deposit Co. of Maryland v. Charles Hegewald Co., 144 Ky. 790, 139 S. W. 975, a recovery was permitted for certain parts used to replace worn-out portions of the machinery. The decision was rested on the ground that such replacement was necessary to perform the contract, and constituted an incident of the operation of the machinery. In Henry Bickel Co. v. National Surety Co., 156 Ky. 695, 161 S. W. 1113, the rent of an engine was held not to be within the terms of a surety contract very similar to the one here involved. If the rent of a machine could not be recovered, it is plain the purchase price thereof would not be embraced.

The claim here is not for parts of a machine worn out and replaced, or for depreciation resulting from use in carrying out the contract, but for a boiler that was sold to the contractor to complete the equipment of his plant, and which could be removed by him and used again and again on many such contracts. It was

476

not the type of article furnished that is contemplated by the agreement to pay for materials used in carrying out the contract. In Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 54 S. W. (2d) 325, decided November 11, 1932, we held that accrued rental for the use of a crane was not within the protection of the lien statute, and the language of the contract in this case is not materially different from the statute as respects the question now presented. The reasoning and authorities cited in that opinion exclude recovery for the purchase price of equipment such as is here involved.

The judgment is reversed for proceedings not inconsistent with the opinion.