## Century Indemnity Co. of Chicago, Ill., v. Shunk Manufacturing Co.

(Decided Jan. 30, 1934.)

L. W. MORRIS and BLAKEY, DAVIS & LEWIS for appellant.

McCHESNEY & McCHESNEY and STEPHEN D. PARRISH for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing in part and affirming in part.

The sole question for determination on this appeal is the liability of a surety on a bond of indemnity executed and delivered by it to indemnify the principal in a contract for the construction of a road, and to protect the latter against liability "for labor, material and supplies furnished in connection therewith." The Ashland Supply Company, of Ashland, Ky., obtained a contract with the State Highway Commission to construct a portion of the highway south of Boonesboro Ferry, a distance of approximately 1.188 miles. It entered into a contract with Buehl and Carl Williams, partners engaged in business as Williams Brothers, "to furnish and deliver all materials, do and perform all the work or labor required and to pay in full all legal claims for labor, materials and supplies furnished in connection with the construction, improvement or maintenance of this mileage of the road." The Century Indemnity Company, as surety for Williams Brothers, executed and delivered to the Ashland Supply Company, Incorporated, a bond for the purpose of indemnifying it against liability of Williams Brothers under its contract with them.

The Shunk Manufacturing Company, of Bucyrus, Ohio, was engaged in the business of manufacturing and selling Crawler type Camel tractors and dumpwagon machinery used in the construction of highways. It arranged with Williams Brothers for the use of certain machinery in the construction of the mileage the firm was under contract to construct. Originally, the machinery was shipped to Williams Brothers on trial for a limited time with the privilege of purchasing same. It was regarded by Williams Brothers as ideal machinery for road construction. It was finally agreed

between Williams Brothers and the Shunk Manufacturing Company that Williams Brothers would pay for the use of the machinery, a rental of $250 per month. It was retained until the rental aggregated $750. While the machinery was in their possession, by the negligence of their driver the steering gear on one of the machines was wrecked; one of the machines fell over the side of a cliff, and was damaged. "The bodies were too light to stand the work for which they were manufactured." On this account, in their mere use they were damaged while transporting rock for the construction of the road. After the machinery was returned by Williams Brothers to the Shunk Manufacturing Company, the latter claims it repaired the same at the cost of $300; that certain equipment of the aggregate value of $91.20 was missing when returned by Williams Brothers, the same having been lost or destroyed while in their possession. It also charged to the account of Williams Brothers freight from its factory to Boonesboro, $144; return freight, $144. The total of the claim asserted by the Shunk Manufacturing Company is $2,244.20. Its right of recovery is based on this language of the bond:

> "The Century Indemnity Company of Chicago, Cook County, Illinois, as surety are held and firmly bound unto the said Ashland Supply Company, Incorporated, and to each and every person who may furnish labor, materials, or supplies for use in or upon said project."

It is not doubtful that this provision of the bond clearly brings the case within the class of cases in which the contracts were held to inure to the benefit of those who furnish material or labor necessary to the completion of the work according to the contract. National Surety Co. v. Daviess County Planing Mill Co. et al., 213 Ky. 670, 281 S. W. 791; Mid-Continent Petroleum Corp. v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229; Standard Oil Co. v. National Surety Co., 234 Ky. 764, 29 S. W. (2d) 29; Chesapeake & O. R. Co. v. Wadsworth Elec. Mfg. Co., 234 Ky. 645, 29 S. W. (2d) 650; J. T. Jackson Lbr. Co. v. Union Transfer & Storage Co., 246 Ky. 653, 55 S. W. (2d) 670.

Accepting this construction of the provision of the bond, the question remaining to be considered is whether the rental of the machinery, its damage by negligent use, the items of freight, and the loss or misplacement

of equipment, are either "materials" or "supplies" within the meaning of these terms as they are used in the bond now involved. The terms "materials" and "supplies" have a well-defined and understood legal significance. Bouv. Law Dict., vol. 2, p. 2121, defines "materials" as "matter which is intended to be used in the creation of a mechanical structure." As a noun, the term is substance or matter of which a thing is made or improvements are made. "It is a word of general significance, especially in lien laws and building contracts" "and when thus used it is understood to be something that becomes a part of the finished structure; something that goes into and forms a part of the finished structure. * * * According to the lexicographical definition of the term 'material' does not include tools, machinery or appliances used for the purpose of facilitating the work, but which are not incorporated into the structure." 39 Corpus Juris, p. 1385.

In Hempstead v. Thomas, 129 F. 907, 908, 64 C. C. A. 339, it was defined as "the substance or matter of which anything is made or to be made." Webster employs the same words in defining it. In Western Clinic & Hospital Ass'n v. Gabriel Construction Co., 168 Wash. 411, 12 P. (2d) 417, 418, it was defined "as including such articles only as enter into and form a part of the finished structure." In People's National Bank v. Southern Surety Co., 105 Cal. App. 731, 288 P. 827, 828, "materials" and "supplies," as they were used in the bond of the surety of a public contractor, were construed as referring "to something which goes into or is consumed in the performance of the work contracted to be done" necessary in the erection of the structure. In U. S. Fid. & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622, 627, they were held to include "all materials and supplies purchased, sold, and delivered for use on the project of the nature we have described, and reasonably useful and consumable in the performance of the contract, and in contemplation when it is executed." In Ætna Cas. & Sur. Co. of Hartford, Conn., v. Kimball et al., 206 Iowa, 1251, 222 N. W. 31, 32, it is said " 'material,' by judicial interpretation, is confined to such goods, wares, and merchandise as may be furnished for and intended to enter into and become directly or indirectly, a part of the completed improvement." In Western Clinic & Hospital Ass'n v. Gabriel Construction Co., supra, "supplies" was defined as

"articles furnished for carrying on work, which, from its nature, are necessarily consumed by the use in the work." In 60 C. J. p. 1167, it is written:

> "Where articles are totally used up in the usual and ordinary performance of a contract, so that nothing remains in excess of normal salvage, they lose their identity as tool, appliances, implements and machinery, and are included in the broader definition of 'supplies.' "

See U. S. Rubber Co. v. American Bonding Co., 86 Wash. 180, 149 P. 706, L. R. A. 1915F, 951; Royal Indemnity Co. v. Day & Maddock Co., 114 Ohio St. 58, 150 N. E. 426, 44 A. L. R. 374, and annotation. In Gwynns Falls Quarry Co. v. National Surety Co., 148 Md. 221, 128 A. 916, the Supreme Court of Maryland held a claim for reasonable depreciation and cost of redelivery of a steam shovel let to subcontractors is not for labor and material used in the construction of road, within the principal's contractor's bond.

Neither the machinery, nor the lost or mislaid equipment, is "materials" or "supplies" as these terms are universally defined. The repairs of the machinery and the payment of the freight to and from the factory are neither "materials" nor "supplies" within these terms. Henry Bickel Co. v. National Surety Co., 156 Ky. 695, 161 S. W. 1113; Mid-Continent Petroleum Corp. v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229; Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 54 S. W. (2d) 325; Union Indemnity Co. v. Pennsylvania Boiler Works, 246 Ky. 473, 55 S. W. (2d) 367. In the Henry Bickel Co. v. National Surety Co. we held that rental for the use of machinery was not within the language of the surety's contract, not materially different in phraseology from the one here involved. In Steele & Lebby v. Flynn-Sullivan Co., it was decided that the purchase price of machinery was not "materials" within the meaning of this term. The authorities cited preclude in the pending case a recovery for the rental of the machinery. Many decisions are squarely against the allowance of claims for rental of machinery, or tools, equipment, and appliances which are things of a permanent nature, not consumed in construction or improvement, and may be used on different or many contracts. See Royal Indemnity Co. v. Day & Maddock Co., supra; Standard Boiler Works v. National Surety

Co., 71 Wash. 28, 127 P. 573, 575, 43 L. R. A. (N. S.) 162; Sherman v. American Surety Co., 178 Cal. 286, 173 P. 161; Baker & Stewart Lbr. Co. v. Marathon Paper Mills Co., 146 Wis. 12, 130 N. W. 866, 36 L. R. A. (N. S.) 875; Southern Surety Co. v. Municipal Excavator Co., 61 Okl. 215, 160 P. 617, L. R. A. 1917B,. 558; Kansas City to Use of Kansas City Hydraulic Press Brick Co. v. Youmans, 213 Mo. 151, 112 S. W. 225; U. S. v. Conkling (C. C. A.) 135 F. 508.

It is so apparent that the damage to the machinery, because of its insufficiency to withstand the work to which it was put, is neither "materials" nor "supplies" within the meaning of these terms, as herein defined, that we do not deem it necessary or required to cite further authorities or assign additional reasons for denying the right of recovery therefor on the bond of the surety. See 'Gwynns Falls Quarry Co. v. National Surety Co., supra.

The judgment is reversed on the original and affirmed on the cross-appeal for proceedings consistent with this opinion.