# Thew Shovel Co. v. Massachusetts Bonding & Insurance Co.

(Decided Dec. 17, 1935.)

J. C. JONES for appellant.

GUY H. BRIGGS and BENTON, BENTON, SMITH & LUEDEKE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The right of the Thew Shovel Company to recover on a surety's bond of indemnity, the rental and freight expended for the delivery of road machinery leased by it to the J. C. Macht Construction Company to use. and which it used in the construction of a public high-

way under a contract so to do with the state highway commission, is the question to be determined in this case.

The Macht Construction Company entered into a contract with the state highway commission to construct the Frankfort-Lawrenceburg road, beginning at a point approximately one-half mile south of the Frankfort pumping station and extending to Alton. The state highway commission demanded of it a bond of indemnity to secure it in the faithful performance of the contract "in strict conformity" with the plans and specifications therefor prepared by the state highway commission. The Massachusetts Bonding & Insurance Company signed the bond as surety. It contained this clause:

"The condition of the above obligation is that if the said principal shall well and truly fulfill all the covenants and conditions of said contract and shall perform all the undertakings therein stipulated by him or it to be performed, and shall well and truly comply with and fulfill the conditions of, and perform all of the work and furnish all the materials, labor and supplies required by any and all changes in, or additions to, or omissions from said contract which may hereafter be made, and shall perform all the undertakings stipulated by him or it to be performed in any and all such changes in or additions thereto, notice thereof to the said surety being hereby waived, and shall promptly and fully pay each and every person supplying labor, materials and supplies in the prosecution of the work contemplated by said contract, then this obligation shall be void, otherwise to remain in full force and effect."

The construction of this clause and its application to the facts present the question to be determined. To acquire, and use in the performance of the contract, certain machinery and equipment, the J. C. Macht Construction Company rented the same of the Thew Shovel Company, agreeing to pay therefor a rental of $800 per month for a period of six months. It executed and delivered to the Thew Shovel Company, evidencing its promise to pay the rental, six $800 notes. The Thew Shovel Company paid freight of $134.10 which the J. C.

Macht Construction Company, agreed, but failed, to pay for the transportation of machinery to the place it was to be used.

The Macht Construction Company began to use, and did use, the machinery and equipment in the performance of the contract with the state highway commission and while so using it, paid from the proceeds of its contract, three of the $800 notes, leaving three of them, and the freight, unpaid. The state highway commission, on September 27, 1931, by an order entered on its records, requested the estimates of the work to be, and the same were, "made, jointly to the J. C. Macht Construction Company and J. M. Barksdull, agent and attorney in fact of the Massachusetts Bonding and Insurance Company." Thereafter, the contract with the state highway commission was carried out to the completion of the road.

The Thew Shovel Company, in its petition alleges, inter alia, that "from September 27th, 1931, until December 16th, 1931, it (the road machinery) was used jointly by the defendant J. C. Macht Construction Company, and its bondsman, the defendant, Massachusetts Bonding and Insurance Company, in carrying out and completing said contract, as per permission given and granted to the said defendants, at their special instance and request by the aforesaid State Highway Commission."

A demurrer was sustained to the petition. An amendment was filed. A demurrer was sustained to the petition as amended. The Thew Shovel Company declined to plead further. Its petition was dismissed.

It appears from the record that the court's ruling on the demurrer was governed by the principles stated in Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 54 S. W. (2d) 325, and Union Indemnity Co. v. Pennsylvania Boiler Works, 246 Ky. 473, 55 S. W. (2d) 367.

It is the view of the Thew Shovel Company that the covenants of the bonds in those cases do not contain a covenant similar or comparable to the one in the present case. Sustaining this view, it cites and relies on Standard Oil Co. v. National Surety Co., 234 Ky. 764, 29 S. W. (2d) 29; Mid-Continent Petroleum Corp. v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229; County of Multnomah, for Use of L. H. McMahan v.

United States Fidelity & Guaranty Co., 87 Or. 198, 170 P. 525, L. R. A. 1918C, 685, and Illinois Surety Co. v. John Davis Company, 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206.

The surety's bond in Union Indemnity Co. v. Pennsylvania Boiler Works, supra; in Henry Bickel Co. v. National Surety Co., 156 Ky. 695, 161 S. W. 1113, and in Century Indemnity Co. v. Shunk Mfg. Co., 253 Ky. 50, 68 S. W. (2d) 772, 774, contains substantially the identical clause now under review. In those cases it was our conclusion that rental for the use of road machinery and freight paid for its transportation were not within the covenants of the surety bond.

In Century Indemnity Co. v. Shunk Mfg. Co., supra, we said:

"In the Henry Bickel Co. v. National Surety Co., we held that rental for the use of machinery was not within the language of the surety's contract, not materially different in phraseology from the one here involved. In Steele & Lebby v. Flynn-Sullivan Co., it was decided that the purchase price of machinery was not 'materials' within the meaning of this term. The authorities cited preclude in the pending case a recovery for the rental of the machinery. Many decisions are squarely against the allowance of claims for rental of machinery, or tools, equipment, and appliances which are things of a permanent nature, not consumed in construction or improvement, and may be used on different or many contracts. See Royal Indemnity Co. v. Day & Maddock Co., supra [114 Ohio St. 58, 150 N. E. 426, 44 A. L. R. 374, and annotation]; Standard Boiler Works v. National Surety Co., 71 Wash. 28, 127 P. 573, 575, 43 L. R. A. (N.S.) 162; Sherman v. American Surety Co., 178 Cal. 286, 173 P. 161; Barker & Stewart Lbr. Co. v. Marathon Paper Mills Co. 146 Wis. 12, 130 N. W. 866, 36 L. R. A. (N.S.) 875; Southern Surety Co. v. Municipal Excavator Co., 61 Okl. 215, 160 P. 617, L. R. A. 1917B, 558; Kansas City to Use of Kansas City Hydraulic Press Brick Co. v. Youmans, 213 Mo. 151, 112 S. W. 225; U. S. v. Conkling (C. C. A.) 135 F. 508."

To escape our previous pronouncement in like cases, the Thew Shovel Company argues that its allega-

tions hereinbefore quoted from its petition, respecting the alleged joint use of the machinery by the J. C. Macht Construction Company and the Massachusetts Bonding & Insurance Company in carrying out and completing the contract, and the payment of the proceeds of the contract, sufficiently state facts to constitute a cause of action on the bond of the surety company, and, therefore, this case is distinguishable from them. Its allegations appertaining thereto are insufficient to show that any sort of a contract was made between the J. C. Macht Construction Company and the Massachusetts Bonding & Insurance Company, constituting a novation, or to any extent changing or enlarging the latter's liability, or obligation as the same is fixed by its bond. The essence of the allegations in this respect is that the rented machinery was jointly used by them in the carrying out and completing the J. C. Macht Construction Company's contract, after the state highway commission ordered the proceeds thereof to be paid to the J. C. Macht Construction Company and J. M. Barksdull, agent and attorney in fact of the Massachusetts Bonding & Insurance Company.

It should be admitted such alone did not constitute either a novation or otherwise alter, enlarge, or change the liability of the surety company as per the terms of the bond.

It should be conceded that if a contract were entered into between them in virtue of which the road construction was completed by their joint use of the rented machinery, such would not entitle the Thew Shovel Company to recover on the surety's bond. Its right to recover the rental and the freight owing it by the J. C. Macht Construction Company of the Massachusetts Bonding & Insurance Company must necessarily be measured and determined by the conditions, terms and provisions of the bond, without calling to its aid the allegations respecting the alleged joint use of the machinery and the act of the state highway commission's ordering the proceeds of the contract paid to them jointly, the legal effect of which at most was to protect the interest of the state highway commission and the surety to the bond of indemnity.

It should be apparent that if the Thew Shovel Company is entitled to recover the rental and freight by reason of the allegations of its petition relating to

the alleged joint use of the machinery and the action of the state highway commission ordering the proceeds of the contract paid to them jointly, its cause of action therefor is independent of, and separable from, its right of action on the bond. The facts set forth appertaining thereto, neither alone, nor in conjunction with the allegations setting up its cause of action on the bond are sufficient to constitute a cause of action. Hence, the demurrer was properly sustained.

Wherefore, the judgment is affirmed.