

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

· PRICE DANIEL
ATTORNEY GENERAL

Mar. 31, 1947

Hon. G. Earl Hutchins
County Auditor
Young County
Graham, Texas

Opinion No. V-119

Re: Purchase of county road ma-
chinery and payment therefor.

Dear Sir:

We have received your letter of March 15, 1947, which we quote in part as follows:

"Young County is contemplating on the purchase of a maintainer for the use of Young County. The price will be about $9,000.00. We had expected to pay cash for about $4,000.00 and remainder we would expect to issue a warrant or script on the enclosed form. The Date of warrant would be April 1 1947 due April 15, 1948, with 4% interest.

The question that has been raised is:

1. Will we have to invite bids by advertising for 14 days. Reference Art. 2368A. 196 SW 2nd 833.

2. Will we have to set up a tax, or set aside tax money to take care of this indebtedness. Or can we pay this indebtedness as of April 15 1948 from money in the current account.

3. Would this warrant be legal to date its payments April 15 1949."

Article 1659, Vernon's Civil Statutes, provides in part as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid . . ."

Section 2 of the Bond and Warrant Law (Article 2368a, Vernon's Civil Statutes) provides in part as follows:

"Sec. 2. No county acting through its Commissioners' Court and no city in this State, shall hereafter make or enter into any contract or agreement for the construction of any public building, or the prosecution and completion of any public work requiring or authorizing any expenditure in excess of Two Thousand Dollars ($2,000.00), creating or imposing an obligation or liability of any nature or character upon such county, or any subdivision of such county, or upon such city, without first submitting such proposed contract or agreement to competitive bids . . . "

In the recent case of Patten v. Concho County (Civ. App.), 196 S. W. (2d) 833, the question before the court was whether the advertisement for competitive bids was necessary in the purchase of certain dump trucks. We quote the following from the opinion of the court:

"The county relies, on the issue of competitive bids, on Art. 1659, R.C.S., and on the cases of Wyatt Metal & Boiler Works v. Fannin County, Tex. Civ. App., 111 S. W. 2d 787; Oakley v. Kent, Tex. Civ. App., 181 S.W. 2d 919; and Stephens County v. H. C. Burt & Co., Tex. Civ. App., 19 S. W. 2d 951, to sustain venue in Concho County. These authorities do not support its contention. Art. 1659 requires bids for 'supplies of every kind, road and bridge material, or any other material, for the use of said county,' etc. However, road machinery purchased by the county for its own use does not fall within the terms 'supplies and material' as used in such statute. A review of numerous authorities on this question is found in Century Ind. Co. of Chicago, Ill. v. Shunk Mfg. Co., 253 Ky. 50, 68 S. W. 2d 772. See also 26 Words & Phrases, Perm. Ed., p. 709.

"Art. 6741 authorizes the purchase or hire by the commissioners court of 'all necessary road machinery, tools, or teams, * * * to build or repair the roads,' but places no restrictions on such purchases, other than that they be necessary for the purpose stated. Prior to its repeal in 1931 of Art. 2368, R.C. S. 1925, that article required advertisement for bids on all contracts on behalf of a county requiring expenditure of $2,000 or more of county funds; and competitive bids on all expenditures between $500 and $2,000, with certain exceptions not pertinent here. That statute made no exceptions other than in

cases of public calamity. The decision in Stephens County v. H. C. Burt & Co., Tex. Civ. App., 19 S.W. 2d 951, was based upon that statute. However, in 1931, the Legislature repealed Art. 2368 of R.C.S. 1925, and enacted what is now V.A.C.S., Art. 2368a, which required both cities and counties, where more than $2,-000 of public funds were to be expended, to submit all such contracts to competitive bids but limited such requirement to 'any contract or agreement for the construction of any public building, or the prosecution and completion of any public works * * *.' Obviously the purchase of road machinery for the use of the county does not come within the terms of this statute. We find no statute, and none has been cited to us, expressly requiring competitive bids in the purchase by the county of road machinery for its own use. Whether good business management by the commissioners of the county's affairs requires such advertisement is, under existing law, a matter within the discretion of the commissioners court. And whether they should be required by law to do so, is for the Legislature to determine. The fact that the Legislature in 1931 repealed Art. 2368, R.C.S. 1925, which did require such competitive bids for all contracts, and enacted V.A.C.S., Art. 2368a, which limited such requirements only to public buildings and public works, rather indicates a legislative intent to leave the matter to the sound discretion of the commissioners court."

In view of the above-quoted court decision, we are compelled to the conclusion that the advertisement for competitive bids is not necessary in order to enable a county to purchase road machinery such as a maintainer. We wish to state, however, that it is our understanding that a bill has been introduced in the Legislature which, in effect, would require competitive bids on any and all contracts on behalf of a county requiring an expenditure of $2,000 or more and on all expenditures between $500 and $2,000, with certain limited exceptions. If this bill is enacted and is effective prior to the date of the purchase of road machinery coming within its terms, then, of course, the terms of the statute must be met.

You enclosed with your letter of request a printed form entitled "COUNTY WARRANT." There are certain blanks with respect to amount, dates, signatures, etc., which are to be completed on the execution of the so-called warrant. It amounts to a promise to pay on a certain date "from the moneys belonging to the current expense fund of said County, or out of any other money in the County Treasury not otherwise appropriated."

We are at a loss to know just what is meant by "current expense fund." If the General Fund of the county is meant, then a contract which would cover the payment for road machinery would be void, for a county may not expend for one purpose (road and bridge) the tax money which was raised for another purpose (county purposes or General Fund), and the commissioners' court has no power to transfer money from one fund (General Fund) to another fund (Road and Bridge Fund). It follows that in the purchase of road machinery, if the language in the submitted form "current expense fund" and "money in the County Treasury not otherwise appropriated," means any Constitutional fund other than the Road and Bridge Fund, the so-called warrant would be void for the reasons announced above. Art. VIII, Sec. 9, Constitution of Texas; Carroll v. Williams, 109 Tex. 155, 202 S. W. 504; 11 Tex. Jur. 609.

Moreover, it is our opinion that even if the Road and Bridge Fund is the one referred to in the submitted form, still on other grounds the "warrant" would be unconstitutional and void whether it is made payable on April 15, 1948, or on April 15, 1949. The form provides that it is payable out of the "current expense fund." However, it is proposed to pay the "warrant" out of the "current expense fund" of 1948 or 1949. The Constitution of Texas in Section 7 of Article XI provides as follows:

". . . But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund; . . ."

"Debt," as used in the above constitutional provision means any obligation which is not to be satisfied out of the lawful current revenues or out of some fund then within the immediate control of the Commissioners' Court. Foard County v. Sandifer, 105 Tex. 420, 151 S. W. 523; Brazeale v. Strength (Civ. App.), 196 S. W. 247; 11 Tex. Jur. 670. Under the Constitution, therefore, the debt is payable out of the tax levied for that purpose and not out of current funds as such.

You ask whether a tax must be levied to take care of the debt which will become due on April 15, 1948. Our answer is that the Constitution requires the levy of a tax as therein specified; otherwise the debt is void. As we have heretofore shown, the submitted form is not appropriate, for it provides for payment out of the "current expense fund." If the county desires to pay part of the purchase price of the maintainer by warrant which is payable in a year other than the current year, then it must authorize the issuance of a "time warrant" or "time warrants" and simultaneously

therewith levy a tax out of the Road and Bridge Fund in payment thereof which would be sufficient "to pay the interest thereon and provide at least two per cent as a sinking fund." Of course, if the maturity for the next year is an amount greater than two per cent of the warrant indebtedness, then the tax must be sufficient to provide for the interest and the principal which will mature.

You state that the maintainer will cost approximately $9,000.00, and that the county expects to pay $4,000.00 in cash and $5,000.00 in 1948 or 1949. We have been furnished no facts with respect to the $4,000.00 cash payment, and we, therefore, express no opinion as to whether such money is legally available and authorized by the budget of the county.

### SUMMARY

1. Under the law as it exists today (March 31, 1947) and as interpreted by the Court of Civil Appeals in the case of Patten v. Concho County, 196 S. W. (2d) 833, a county may purchase road machinery without the necessity of advertising for competitive bids therefor.

2. The Commissioners' Court has no power to transfer money from one constitutional fund to another, or to expend for one purpose tax money raised for another purpose.

3. At the time a debt is created by a county, which debt is payable in a year subsequent to the current year, a tax must be levied in payment thereof or the debt will be unconstitutional and void. Art. XI, Sec. 7, Constitution of Texas. A debt may not be created by a county which is payable out of current funds of a subsequent year.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BY  *George W. Sparks*

George W. Sparks
Assistant

GWS-s: sl

APPROVED APR 2, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS