**TRAYLOR BROS., INC., et al., Appellants,**

**v.**

**INDIANA EQUIPMENT CO., Inc., et al., Appellees.**

Court of Appeals of Kentucky.

June 24, 1960.

John E. Early, Evansville, Ind., R. Vincent Goodlett, of Hazelrigg & Cox, Frankfort, for appellants.

Charles L. Whistler, of Baker & Daniels, Indianapolis, Ind., E. Gaines Davis, Jr., of Smith, Reed & Leary, Hafford E. Hay, Frankfort, for appellees.

CULLEN, Commissioner.

Traylor Bros., Inc., was a prime contractor for grade and drain work on the Kentucky Turnpike Project. Indemnity Insurance Company of North America was surety on Traylor's performance bond, which bond was conditioned among other things for payment of "all claims for labor, materials and supplies furnished for use in connection with the construction and improvement of said road." Traylor subcontracted part of the work to Paul A. Teegarden, Inc. The latter obtained some bulldozers and other heavy equipment from Indiana Equipment Company, Inc., under written contracts which were designated "leases" and which called for monthly payments. After several months of work Teegarden defaulted on his subcontract and Traylor was required to take over the work and complete it. At the time Teegarden defaulted he owed several monthly payments to Indiana Equipment under the "leases". Indiana Equipment brought suit against Traylor and Indemnity Insurance Company, on their performance bond, to recover the rental value of the equipment for the period for which Teegarden failed to pay his "rental" installments prior to his default on his subcontract, and further to recover the reasonable rental value of the equipment for a period after Teegarden's default during which Traylor was alleged to have used the equipment for his own purposes. The trial court gave judgment for Indiana Equipment in the amounts of $8,470.82 for rental value prior to Teegarden's default and $259.50 for Traylor's use of one bulldozer after the default. Traylor and Indemnity Insurance Company have appealed and Indiana Equipment has cross-appealed.

Indiana Equipment predicates its claim for rental value prior to Teegarden's default on his subcontract on the proposition that "supplies" as used in the appellants' bond means the same as in KRS 376.195 (the mechanics' lien statute governing contracts for public improvements), wherein the word is defined to include "the agreed or reasonable rental price of equipment and machinery used in performing the work to be done * * *." The appellants dispute this proposition and further contend that in any event the transactions between Indiana Equipment and Teegarden were conditional sales and not leases and under no interpretation can "supplies" be extended to include the *purchase price* of equipment or machinery. We believe the appellants' contention is sound.

While Indiana Equipment and Teegarden had two contracts, one covering bulldozers and the other covering a drill and air compressor, it will be sufficient for us to discuss only the bulldozer contract, for the circumstances of each contract are the same as concerns the legal question in issue.

Under the bulldozer contract Teegarden "leased" three bulldozers for a ten-month period at a monthly "rental" of $3,090. He was unconditionally obligated to pay the rentals for the full ten-month period, so he incurred an absolute obligation for $30,900. The contract gave him the option at any time during the period of the lease to purchase the bulldozers for the price of $49,534.50, with interest from the date of execution of the lease, against which price he was entitled to credit for the rental payments. At the time the contract was made Teegarden traded in three used bulldozers, and it was agreed that if he chose to exercise his purchase option he would be given a credit of $18,634.50 for the trade-ins. So it will be observed that after paying the required total "rental" of $30,900 Teegarden could become the full owner of the bulldozers simply by paying 10 months' interest on the purchase price. In other words, in obligating himself to pay 10 months' rental Teegarden in effect bound himself to pay the full purchase price except for the minor item of interest.

█ The contracts between Teegarden and Indiana Equipment were made in Indiana, which has adopted the Uniform Conditional Sales Act. Section 58–801 of the Indiana Statutes defines "conditional sale" to include "any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract".

Apart from the Conditional Sales Act courts generally have disregarded the form of the transaction and have held that where payment of so-called rent nearly or quite pays the price of the goods, and there is a fixed obligation to pay the full amount of the rent, the bargain is a conditional sale. Williston on Sales, Revised Edition, Sec. 336, pp. 296–298; Annotations, 17 A.L.R. 1435, 43 A.L.R. 1257, 92 A.L.R. 323, 175 A.L.R. 1366.

Other factors indicative that the transaction really was a conditional sale are that the "lessee" was required to pay taxes on the equipment and keep it insured, that the contract itself recognized that it might be subject to the Conditional Sales Act, and that when Indiana Equipment eventually repossessed the equipment it followed precisely the procedures prescribed in the Conditional Sales Act.

It is our opinion that the so-called leases clearly were conditional sales.

█ Leaving aside the mechanics' lien statute it is clear that neither rental nor purchase of equipment constitutes "supplies" within the meaning of the contractor's bond. Thew Shovel Co. v. Massachusetts Bonding & Ins. Co., 261 Ky. 712, 88 S.W.2d 960; Century Indemnity Co. of Chicago, Ill. v. Shunk Mfg. Co., 253 Ky. 50, 68 S.W.2d 772; Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 54 S.W. 2d 325; Henry Bichel Co. v. National Surety Co., 156 Ky. 695, 161 S.W. 1113. The mechanics' lien statute expressly includes *rental* of equipment in the statutory definition of "supplies," but we can find no basis for holding that it includes the *purchase price* of equipment.

█ The appellee argues that since the mechanics' lien statute defines "supplies" as including the agreed *or reasonable* rental price of equipment the reasonable rental price is recoverable under the bond even though the equipment contracts were conditional sales and not leases. However, we think it is clear from the statute, particularly that part which describes the lien as being "for rental of equipment," that the rental price is lienable only when there is in fact a rental contract of some kind, and that the reference in the statute to "reasonable" rental price is intended only to cover the situation where the rental contract does not fix an agreed price, or where the agreed price is for some reason unacceptable.

It is our opinion that Indiana Equipment was not entitled to recover from the appellants the agreed monthly payments owed by Teegarden prior to his default on the subcontract, because they were purchase-price payments and not "rental price;" likewise, Indiana Equipment was not entitled to recover the *reasonable* rental price for this period because there was in fact no rental agreement. Accordingly the judgment was erroneous in allowing recovery on this claim.

As concerns the claim for use of the equipment by Traylor after Teegarden's default on the subcontract, the appellants contend that there should have been no recovery, and the appellee maintains the recovery should have been for a much greater amount.

We can find no theory on which recovery on this claim can be upheld. At the time Traylor is alleged to have used the equipment Teegarden was still in constructive possession and was in control of its use. While Indiana Equipment held the legal title it was a security title only, carrying the right to retake possession upon default by Teegarden in his monthly payments. Until the right to repossess was exercised Teegarden had all rights incident to possession. If Traylor made unauthorized use of the equipment his liability was to Teegarden. (Actually, the evidence was that Teegarden expressly authorized Traylor to use the equipment.)

No theory of implied contract or quantum meruit can be invoked to create an obligation by Traylor to Indiana Equipment because at the time of the alleged use by Traylor, Indiana Equipment had not undertaken to repossess the equipment and Traylor's use did not violate any rights of Indiana Equipment. No right of recovery can be found in the terms of the bond because the equipment did not constitute supplies or materials "furnished" by Indiana Equipment.

It is our opinion that the judgment was erroneous in awarding any recovery on this claim.

On the direct appeal the judgment is reversed with directions to enter judgment in favor of the appellants.