STAGG INDUSTRIAL DEVELOPMENT CORPORATION, Appellant,

v.

GENERAL OIL FIELD SUPPLY COMPANY, INC.; John S. Griffin; J.S.G. Petroleum; Richard E. Butler; Thomas J. Patton; Christiane C. Patton; Triangle Oil Partnership; William Branaman and William M. Deep, d/b/a Branaman & Deep Investments; C.A. Robinson; A.J. Vogel; Thomas L. Lang; William N. Sauer; Jacqueline Sauer; W.O. Wilson; M.J. Wilson; Arthur L. Hart; Marie M. Hart; W. Earl Reed; T.R. Swendseid; George Flahardy; James V. Irons; Carolyn S. Irons; Harold F. Forsyth; Edna M. Forsyth; Richard G. Proffit; Corbell Drilling & Construction Company, Inc.; C.A. Robinson, d/b/a Roustabout Service; Indiana Drilling Company, Inc.; Ken's Pump & Supply Company, Inc.; Schneider Farms, a Partnership; C.W. Hermes, d/b/a N.K.G. Marine Service; Palmer Oil Company; First National Bank of Henderson; Serv–Well Enterprises, Inc.; Dresser Industries, Inc.; Halliburton Company; Sigma Drilling, Inc.; and Farm Bureau Oil Company, Appellees (Two Cases).

Harold F. FORSYTH, Edna M. Forsyth, Thomas J. Patton, Christiane C. Patton, A.J. Vogel, William N. Sauer, Jacqueline Sauer, W.O. Wilson, M.J. Wilson, Arthur L. Hart, Marie M. Hart, W. Earl Reed, T.R. Swendseid, James V. Irons, Carolyn S. Irons, and Thomas L. Lang, Appellants,

v.

John S. GRIFFIN; J.S.G. Petroleum; Richard E. Butler; Triangle Oil Partnership; Stagg Industrial Development Corporation; William Branaman and William M. Deep, d/b/a Branaman & Deep Investments; C.A. Robinson; Corbell Drilling & Construction Company, Inc.; C.A. Robinson, d/b/a Roustabout Service; Indiana Drilling Company, Inc.; Ken's Pump & Supply Company, Inc.; Schneider Farms, a Partnership; C.W. Hermes, d/b/a N.K.G. Marine Ser-

vice; Palmer Oil Company; First National Bank of Henderson; Serv–Well Enterprises, Inc.; Dresser Industries, Inc.; Halliburton Company; Sigma Drilling, Inc.; Farm Bureau Oil Company; and General Oil Field Supply Company, Inc., Appellees.

GENERAL OIL FIELD SUPPLY COMPANY, INC., Appellant,

v.

Richard E. BUTLER; Thomas J. Patton; Christiane C. Patton; Triangle Oil Partnership; Stagg Industrial Development Corporation; William Branaman and William M. Deep, d/b/a Branaman & Deep Investments; Indiana Drilling Company; A.J. Vogel; William N. Sauer; Jacqueline Sauer; W.O. Wilson; M.J. Wilson; Arthur L. Hart; Marie M. Hart; W. Earl Reed; T.R. Swendseid; James V. Irons; Harold F. Forsyth; Edna M. Forsyth, and George Flahardy, Appellees.

C.A. ROBINSON, d/b/a Roustabout Service; and Indiana Drilling Company, Inc., Cross–Appellants,

v.

GENERAL OIL FIELD SUPPLY COMPANY, INC., John S. Griffin; Richard E. Butler; Thomas J. Patton; Christiane C. Patton; Triangle Oil Partnership; Stagg Industrial Development Corporation; William Branaman and William M. Deep, d/b/a Branaman & Deep Investments; A.J. Vogel; Thomas L. Lang; William N. Sauer; Jacqueline Sauer; W.O. Wilson; M.J. Wilson; Arthur L. Hart; Marie M. Hart; W. Earl Reed; T.R. Swendseid; James V. Irons; Carolyn S. Irons; Harold F. Forsyth; Edna M. Forsyth; Richard G. Proffit; Corbell Drilling & Construction Company, Inc.; Ken's Pump & Supply Company, Inc.; Schneider Farms, a Partnership; C.W. Hermes, d/b/a N.K.G. Marine Service; Palmer Oil Company; First National Bank of Henderson; Serv–Well Enterprises, Inc.; Dresser Industries, Inc.; Halliburton Company;

Sigma Drilling, Inc.; and Farm Bureau Oil Company, Cross–Appellees.

Nos. 86–CA–2590–MR, 86–CA–2781–MR, 86–CA–2810–MR, 86–CA–2820–MR, and 86–CA–2850–MR.

Court of Appeals of Kentucky.

Jan. 8, 1988.

Ronald G. Sheffer, Carl B. Boyd, Jr., Henderson, for Stagg Indus. Development Corp.

Kenneth S. Kasacavage, Henderson, for General Oil Field Supply Co.

Harry L. Mathison, Henderson, for William Branaman & William Deep, d/b/a Branaman & Deep Investments; Corbell Drilling & Const. Co., Serv–Well Enterprises; and Palmer Oil Co.

Tommy Joe Fridy, Sebree, for First Nat. Bank of Henderson.

Russ Wilkey, Owensboro, for Sigma Drilling.

William B. Norment, Jr., Henderson, for Halliburton Co.

Joseph E. Ternes, Jr., Henderson, for John S. Griffin and J.S.G. Petroleum.

Doran E. Perdue, George E. Stigger, III, Evansville, Ind., for A.J. Vogel, Harold F. & Edna M. Forsyth, Arthur L. & Marie M. Hart, William N. & Jacqueline Sauer, W.O. & M.J. Wilson, W. Earl Reed, T.R. Swendseid, Thomas J. & Christiane C. Patton, and James V. & Carolyn S. Irons.

Steven D. Gold, Henderson, for Dresser Industries, Inc.

Leonard T. Mitchell, Henderson, for Schneider Farms, A Partnership.

Dane Shields, Henderson, for C.W. Hermes, d/b/a N.K.G. Marine Service, and Farm Bureau Oil Co.

Ronald L. Woodard, Henderson, for Ken's Pump & Supply Co.

Robert G. Hunt, Henderson, for C.A. Robinson, d/b/a Roustabout Service, and Indiana Drilling Co.

Charles R. McCollom, III, Henderson, Special Com'r.

Richard E. Butler, Henderson, Triangle Oil Partnership, Beverly Hills, Cal., Richard Proffit, Henderson, Thomas L. Lang, Evansville, Ind., George Flahardy, Robards, parties without counsel.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

HOWERTON, Chief Judge.

This case involves a group of consolidated direct appeals from a judgment of the Henderson Circuit Court involving the liquidation of an oil and gas lease. The Henderson Circuit Court rejected a lien claim filed by Stagg Industrial Develop-

ment Corporation (Stagg) against the lease based upon a contract for surface use as unnecessary to the development to the lease and therefore unlienable. The court also made a division of the traceable proceeds of the sale of oil and gas from this lease from the date of the initial lien until liquidation. All proceeds derived after the date of receivership were divided among the lienholders on a pro rata basis, while all proceeds derived from the sale of oil and gas after the liens were filed but prior to receivership were divided among the working interest owners according to their respective interests.

Stagg, owner of the Miles farm, leased the oil and gas mineral rights to John Griffin. This lease became known as the "Sallie B. Griffin Lease." Griffin then sold shares in this lease to various individuals who are the working interest owners in the lease. John Griffin was the agent for the working interest owners, and his corporation, John S. Griffin & Associates (Associates), took care of the day-to-day management of the lease. An agreement was signed between Associates and Stagg whereby the leasehold waived any rights it had to the use of the surface lands on the Miles farm. Another agreement was subsequently signed between these same parties whereby Associates was allowed to place tank batteries, to store oil produced on the Miles farm, on other Stagg property not covered by the Griffin lease. Under this agreement, Associates agreed to pay rent for this land use and to pay for any damage caused by drilling. As a result of breaches of these agreements, Stagg filed a lien against the leasehold. In liquidation proceedings, a special commissioner rejected Stagg's lien and the court adopted the commissioner's findings and conclusions. Stagg claims that rejection of its lien was improper and seeks reinstatement of the lien.

The circuit court also adopted the special commissioner's determinations concerning the validity of other liens against the Griffin lease and made a division of the leasehold's assets among these lienholders. However, the court awarded a portion of the proceeds from the sale of oil to the working interest owners on the theory that

under KRS 376.140, mechanics' liens do not attach to the proceeds from the sale of oil and gas. The proceeds generated from the sale of oil following the creation of the receivership, which took control of the Griffin lease until its liquidation, were awarded to the lienholders in order to prevent a "great injustice" to this group. The working interest owners contend that they were entitled to the entire proceeds derived from the sale of oil, while the lienholders claim that under KRS 376.140(1) they are entitled to all proceeds derived from the sale of oil subsequent to the filing of their liens.

We agree with the result reached by the Henderson Circuit Court as to the rejection of the lien filed by Stagg, although we disagree with a portion of its reasoning, and therefore we affirm appeal number 86–CA–2590–MR. We disagree, however, with the court's judgment as to the competing rights of the lienholders and working interest owners to the proceeds derived from the sale of oil from the leasehold subsequent to liens against it. We conclude that the lienholders are entitled to all of the proceeds traceable from the lease subsequent to the liens.

On appeal, Stagg contends that its lien filed against the Griffin lease was proper and that it should be recognized as valid. While we do not entirely agree with the circuit court's reasoning, we agree that Stagg's lien must be rejected. The trial court, adopting the special commissioner's report, found that Stagg's lien did not come within the requirements of KRS 376.150 in order to be enforceable. According to the report, "there has been no proof that the contract for surface use tank batteries and land damage were necessary or in fact were used or consumed in the making of the improvements to the leasehold estate," and therefore, "is not a lienable item." This finding stems from the common law that the mineral estate is the dominant estate and the surface is subservient, and thus a contract for its use was not necessary. While it is true that the mineral estate is dominant, there is no dominant estate until the mineral rights are granted away. The owner of these rights is free to reasonably restrict the elements of this right as he wishes.

Here, Stagg conveyed the mineral rights to Griffin. However, Associates waived any rights it had to the use of the surface lands on the Miles property by agreement. It was perfectly proper for the parties to subsequently agree to the rental of other Stagg property upon which to place tank batteries. However, it is this "rental" characteristic of the agreement which presents the real problem with Stagg's lien. Thus, the rejection of Stagg's lien is not the result of its failure to show the *necessity* for the rental of other property upon which to place the tank batteries, but rather is due to the nature of the lien itself.

In Kentucky, mechanics' liens may not be asserted to secure the rental due on machinery or equipment, *Henry Bickel Co. v. National Surety Co.,* 156 Ky. 695, 161 S.W. 1113 (1914), and we believe that the same rule should apply for the rental of land. The reason for this rule is that damages may easily be mitigated by simply terminating the rental agreement. Instead of mitigating its damages in this way, however, Stagg chose to continue the lease and place a lien on the leasehold to cover ever-mounting uncertain, unliquidated damages. While Stagg's claim for land damage may constitute a breach of a contract, it is in reality an unliquidated tort claim which is not the subject of a lien.

Next, the actual lienholders, as well as the working interest owners, each claim that they are entitled to the entire proceeds from the lease subsequent to the filing of liens on the leasehold. The circuit court found that mechanics' liens do not attach to the proceeds from the sale of oil and gas. However, rather than awarding all of the proceeds to the working interest owners, the court awarded the lienholders all assets derived after the appointment of the receiver. According to the court, this was done in order to prevent the "great injustice [that] would occur [otherwise] considering that the primary purpose behind the initial creation of the receivership was to protect the mechanics' lien holders' interests." The working interest owners argue that the receivership was as much for their benefit as for the lienholders and that the court was incorrect to distinguish between oil sold before the appointment of a receiver and oil sold during the receivership. They claim that since the mechanics' liens do not apply to these proceeds, there is no reason to give the lienholders any portion of these assets.

The lienholders, on the other hand, argue that the court was incorrect in determining that the mechanics' liens do not attach to these proceeds in light of the plain language of KRS 376.140(1) which states: "[t]he lien herein provided for shall be effective against the leasehold, or the *entire interest of the lessee therein,* including all improvements thereon belonging to the lessee." (Emphasis added.) We are inclined to agree with the lienholders' contention. The statute plainly states that the lien is effective against the *entire interest* of the working interest owners. "Entire" is all-inclusive and consequently must include the owners' interest in the traceable proceeds derived after the liens were filed against the leasehold. Without such a rule, a mechanics' lien could be of little or no value since a lease could be depleted by operation. We find nothing in KRS 376.140(1) which prohibits the lienholders from the entitlement to the proceeds from the time the liens were filed. While the statute does not specifically state that proceeds from the sale of oil are subject to the statute, we conclude that by using the phrase "entire interest," the legislature meant such proceeds to be subject to this lien.

The judgment of the Henderson Circuit Court in appeal number 86–CA–2590–MR is affirmed as to Stagg Industrial Development Corporation, and the judgment of the circuit court as to the appeals brought by the lienholders and working interest owners are reversed and remanded with instruction that the court render a decision consistent with this opinion in appeal numbers 86–CA–2781–MR, 86–CA–2810–MR, 86–CA–2820–MR, and 86–CA–2850–MR.

All concur.