DIRT & ROCK RENTALS,
INC., Appellant,

v.

IRWIN & POWELL CONSTRUCTION,
INC.; HFH, Inc.; and United States
Fidelity & Guaranty Co., Appellees.

No. 91–CA–871–MR.

Court of Appeals of Kentucky.

May 15, 1992.

Discretionary Review Denied by
Supreme Court Nov. 11, 1992.

Rocco J. Celebrezze and David C. Jones, Celebrezze & Holloway, Louisville, for appellant.

Thomas A. Hoy and Gregory A. Bölzle, Woodward, Hobson & Fulton, Louisville, for U.S. Fidelity & Guar. Co.

Kyle T. Hubbard, Louisville, for HFH.

Before HOWERTON, STUMBO and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from summary judgments dismissing claims asserted by the appellant Dirt & Rock Rentals, Inc., against the appellees, HFH, Inc., and United States Fidelity & Guaranty Company (USF & G). HFH was the owner of property being developed as Glenmary Subdivision, and contracted with a joint venture of Hughes Asphalt, Inc., and the appellee Irwin & Powell Construction, Inc., to construct improvements in the subdivision. Irwin & Powell executed lease agreements with the appellant whereby the appellant supplied heavy equipment and machinery for use on the subdivision as well as other projects. The appellant was not paid by Irwin & Powell, and it filed a mechanics' lien against the subdivision property after giving notice to HFH. The joint venture bonded off the mechanics' lien with the appellee USF & G. The appellant filed a complaint against Irwin & Powell, HFH, and USF & G, seeking payment of the amount owed under the lease agreements and enforcement of the mechanics' lien. The complaint also contained counts alleging unjust enrichment by HFH and Irwin & Powell.

Both HFH and USF & G maintain that KRS 376.010 does not provide for a mechanics' lien to secure payment of rental charges of equipment and machinery. Historically in this jurisdiction, a lessor of machinery and equipment has not been entitled to a lien for furnishing labor or materials unless the lessor actually provides labor in connection with the construction work. *See Henry Bickel Co. v. National Surety Co.*, 156 Ky. 695, 161 S.W. 1113 (1914). The appellant claims that this long-standing rule was changed by the legislature in 1988 when it amended KRS 376.010 by adding subsection (5) defining "labor." This statute, along with its most recent amendment, provides in pertinent part as follows:

(1) Any person who performs labor or furnishes materials ... for the improvement in any manner of real property ... by contract with, or by the written consent of, the owner, contractor, subcontractor, architect or authorized agent, shall have a lien thereon, and upon the land upon which the improvements were made or on any interest the owner has therein, to secure the amount thereof with interest as provided in KRS 360.040 and costs.

. . . .

(5) For purposes of this section, "labor" includes but is not limited to, all work done by teams, trucks, machinery, and mechanical equipment, whether the owner furnishes a driver or operator or not.

The appellant contends that equipment and machinery rental services fall within the category of "labor" as "work done by ... machinery, and mechanical equipment, whether the owner furnishes a driver or operator or not." The appellees assert that in comparing KRS 376.010 with KRS 376.-195, the statute providing definitions concerning liens on public projects, it is apparent that equipment and machinery rental is not considered "labor." KRS 376.195(4) defines "supplies" as including "the agreed or reasonable rental price of equipment and machinery used in performing the work to be done."

Prior to the amendment of KRS 376.195 allowing a lien for equipment and machinery rental charges for public projects, courts used various reasons for disallowing a lien for rental charges. In *Steele & Lebby v. Flynn–Sullivan Co.*, 245 Ky. 772, 54 S.W.2d 325 (1932), the court held that the rental charge for a crane was not a lienable item as material furnished in the construction of two bridges because the crane was not consumed in the construction but preserved for future use. 54 S.W.2d at 328. *See also Marion Steam Shovel Co. v. Union Indemnity Co.*, 255 Ky. 817, 75 S.W.2d 541 (1934). The court in *Henry Bickel Co., supra,* using the predecessor statute to KRS 376.010, denied a lien to the lessor of a machine, stating that "[t]he person who rented the engine is no more entitled to a lien ... for the rent than the merchant would be who sold him the spades, drills, or other tools...." 161 S.W. at 1114. The court cited with approval *Potter Mfg. Co. v. A.B. Meyer & Co.*, 171 Ind. 513, 86 N.E. 837 (1909), which stated that a contractor may assert a lien for the value of the work done, including that done by a labor-saving device, but disallowed a lien to a lessor of a machine who performed no work. The reasoning used by Kentucky courts is similar to that from other jurisdictions with similar statutes. *See* Annotation, *Charge for Use of Machinery, Tools, or Appliances Used in Construction as Basis for Mechanic's Lien,* 3 A.L.R.3d 573 (1965).

KRS 376.010 provides for a lien for a person who "performs labor" or "furnishes materials." The recent definition of labor contained in section 5 of that statute does no more than specify that a lien is conferred for work actually done by machinery, etc., not for the leasing of machinery to another who performs or has the work performed with the machinery. It may be that logic favors that equipment and machinery rental charges should be lienable on private as well as public projects; however, this is a matter for legislative consideration. We may only enforce the statutes as they are written. The circuit court properly denied enforcement of the lien.

■ The appellant also asserted a claim alleging unjust enrichment against HFH. The mere fact that HFH benefitted from the contract between the appellant and Irwin & Powell does not make HFH liable to the appellant. *See* 66 Am.Jur.2d *Restitution and Implied Contracts* § 16 (1973); *see also* Annotation, *Building and Construction Contracts: Right of Subcontractor who has Dealt only with Primary Contractor to Recover against Property Owner in Quasi Contract,* 62 A.L.R.3d 288 (1975). The appellant would be unable to recover from HFH under this theory unless the enrichment to HFH is unjust. *See Guarantee Electric Co. v. Big Rivers Electric Corp.*, 669 F.Supp. 1371, 1381 (W.D.Ky.1987). HFH defended this claim contending that it had made full payment to the joint venture of Irwin & Powell and Hughes Asphalt; however, the affidavit in support of the motion for summary judgment stated that "virtually all" of the bills submitted by the joint venture were paid. A factual determination exists whether HFH paid the joint venture for the machinery and equipment leased to Irwin & Powell. This, in addition to the fact that the appellant's action against Irwin & Powell is still ongoing, makes the summary judgment improper. *See Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991).

The circuit court is reversed insofar as it dismissed the appellant's claim of unjust enrichment against HFH. In all other respects the judgment is affirmed. This ac-

tion is remanded for proceedings consistent with this opinion.

All concur.